UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARGARET CZERWIENSKI, LILIA KILBURN, and AMULYA MANDAVA<br><br>*Plaintiffs,*<br><br>v.<br><br>HARVARD UNIVERSITY AND THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE<br><br>*Defendants.* | CASE NO. 1:22-cv-10202-JGD |

### DEFENDANT'S MOTION FOR LEAVE TO FILE UNDER SEAL

Pursuant to Local Rule 7.2, Defendant President and Fellows of Harvard College ("Harvard") hereby moves for leave to file under seal several documents supportive of its pleadings to be filed today, May 31, 2022. These documents contain certain confidential and private information about parties and non-parties, and some of each document contains records protected against disclosure by the Family Educational Rights and Privacy Act ("FERPA").

### BACKGROUND

Plaintiffs are three current Harvard graduate students in the Anthropology Department, who filed their Complaint in this Court on February 8, 2022. Plaintiffs claim that when they raised concerns about Harvard faculty member John Comaroff, Harvard "ignored" them. Compl. ¶ 64. Throughout the Complaint, Plaintiffs discuss and rely on ODR's investigation into their claims, including the three ODR Final Reports. *See, e.g.*, Compl. ¶¶ 103, 123, 125, 127, 132, 134-48, 150, 170. These reports are therefore "incorporated into the complaint by reference," and the Court may properly consider them on a motion to dismiss. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see Routh v. Univ. of Rochester*, 981 F. Supp. 2d 184,

1

191 (W.D.N.Y. 2013) (considering university's written findings in granting motion to dismiss in action for Title IX and negligence action where documents "were incorporated by reference [in the complaint] and since [the plaintiff] obviously possessed them and relied on them in drafting [the complaint]"). All three final reports contain sensitive nonpublic information about the Plaintiffs, Harvard faculty, and Harvard student witnesses. Harvard accordingly moves to submit under seal the three Final Reports, as well as ODR notes concerning an interview with Kilburn's therapist, and emails between and among the therapist, ODR, and Kilburn concerning or attaching Kilburn's therapy notes.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Harvard is filing a Motion to Dismiss Counts One through Nine of the Complaint, together with a Memorandum in Support. The Memorandum attaches the three Final Reports, which Plaintiffs cite throughout the Complaint. *See, e.g.*, Compl. ¶¶ 103, 123, 125, 127, 132, 134-48, 150, 170. The trial court has discretion to maintain documents under seal where the privacy interests outweigh the general public interest in access to judicial records. *In re Boston Herald*, 321 F.3d 174, 190–91 (1st Cir. 2003). Harvard ODR reports have been determined appropriate for sealing in other cases in this jurisdiction. *See Doe v. Harvard University, et al.,* Civ. Action No. 1:18-cv-12150-IT, Dkt. 25; *Leader v. Harvard University Board of Overseers, et al.*, Civ. Action No. 1:16-cv-10254-DJC, Dkt. 21.

**I.     The Final Reports Should Be Filed Under Seal Because They Contain Non-Public Personal And Confidential Information About Plaintiffs And Non-Parties.**

Pursuant to District of Massachusetts Local Rule 7.2, confidential information or materials submitted with court filings may be sealed or otherwise restricted from public access

upon a showing of good cause. Good cause exists to seal the three ODR Final Reports, because all three reveal highly personal, confidential, and sensitive information about the named Plaintiffs and other witnesses who were interviewed or involved with the investigation. Although the Plaintiffs, by filing suit, have waived certain FERPA protections, those protections continue in force for others who are discussed in the Reports. Accordingly, revealing the ODR reports in full may have a chilling effect on student and other witness participation in the Title IX investigatory process at Harvard. *See DeCosta v. Chabot*, 1994 WL 279739, at *2 (D.N.H. June 9, 1994) (granting motion to seal abuse investigation records as supporting exhibits to a dispositive motion, in part to "encourage reports and to protect the reporters"). Furthermore, confidentiality is core to Harvard's ODR process, which emphasizes to participants that confidentiality will be preserved to the extent possible. *See Sexual and Gender-Based Harassment Policy and Procedures for the Faculty of Arts and Sciences,* at 4. For all of these reasons, Harvard requests that this Court allow it to file the ODR Final Reports under seal. *See Doe v. Harvard University, et al.,* Civ. Action No. 1:18-cv-12150-IT, Dkt. 25 (permitting Harvard to file ODR Report under seal); *Leader v. Harvard University Board of Overseers, et al.*, Civ. Action No. 1:16-cv-10254-DJC, Dkt. 21.

II.     **Communications Containing and Reflecting Plaintiff's Therapy Records Should Also Be Submitted Under Seal.**

In Count Ten of the Complaint Plaintiff Kilburn asserts that Harvard violated her privacy with respect to certain notes of her therapy sessions. *See* Compl. ¶¶ 267-281. Plaintiff refers to those notes no fewer than seven times in the Complaint. *See id.* Accordingly, they are incorporated by reference into the Complaint. Harvard will file a motion for summary judgment as to Count Ten separately from Counts One through Nine. Although Harvard refers to the therapy notes in pleadings (without disclosing personal information not set forth in the

Complaint), Harvard wishes to submit the notes and certain documents relating to the notes to the Court under seal. They will also be redacted to omit any information not relevant to this matter.

## CONCLUSION

For the reasons set forth above, Harvard respectfully requests that this Court issue an Order permitting it to file under seal:

1. The ODR Final Reports of the investigations into the Plaintiffs' complaints.

2. ODR notes concerning an interview with Kilburn's therapist.

3. Kilburn therapy notes, attached to an email between ODR and Kilburn.

4. Kilburn therapy notes, attached to an email between ODR and Comaroff.

5. Selected pages of ODR notes concerning review of evidence with Kilburn.

Respectfully submitted,

**PRESIDENT AND FELLOWS OF HARVARD COLLEGE,**

By its attorneys,

/s/ Victoria Steinberg
Victoria L. Steinberg, BBO #666482
Julien M. Mundele, BBO #694001
Rachel C. Hutchinson, BBO #696739
TODD & WELD LLP
One Federal Street
Boston, MA 02110
Telephone: (617) 624-4714
Facsimile: (617) 624-4814
vsteinberg@toddweld.com
jmundele@toddweld.com
rhutchinson@toddweld.com

Dated: May 31, 2022

/s/Martin F. Murphy
Martin F. Murphy, BBO #363250
Madeleine K. Rodriguez, BBO #684394
FOLEY HOAG LLP
155 Seaport Boulevard, Suite 1600
Boston, MA 02210
Telephone: (617) 832-1000
Facsimile: (617) 832-7000
mmurphy@foleyhoag.com
mrodriguez@foleyhoag.com

*Attorneys for Defendant
President and Fellows of Harvard College*

4

FH10923390.1

## **LOCAL RULE 7.1 CERTIFICATION**

I hereby certify that, pursuant to Local Rule 7.1(a)(2), counsel for Defendants met and conferred with counsel for Plaintiffs on May 31, 2022. Counsel for Plaintiffs indicated that they do not object to the filing of the documents at issue in this motion under seal provisionally, but reserve their right to address the sealing at a future date.

*/s/ Victoria Steinberg*
Victoria Steinberg

## **CERTIFICATE OF SERVICE**

I, Victoria L. Steinberg, hereby certify that a copy of the foregoing was sent via the Court's electronic filing system and served to all counsel of record on May 31, 2022.

*/s/ Victoria L. Steinberg*
Victoria L. Steinberg

FH10923390.1