UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARGARET CZERWIENSKI, LILIA KILBURN, and AMULYA MANDAVA<br><br>*Plaintiffs,*<br><br>v.<br><br>HARVARD UNIVERSITY AND THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE<br><br>*Defendants.* | Case No. 1:22-cv-10202-JGD<br><br>LEAVE TO FILE EXCESS PAGES GRANTED ON MAY 31, 2022 |

## DEFENDANT'S MOTION TO DISMISS COUNTS ONE THROUGH NINE OF PLAINTIFFS' COMPLAINT

Defendant President and Fellows of Harvard College ("Harvard")[1] respectfully moves to dismiss Counts One through Nine[2] of Plaintiffs' Complaint.

Harvard is steadfastly committed to maintaining a healthy and supportive educational and work environment in which all members of the Harvard community can flourish and do their best work and no member is excluded from participation in, denied the benefits of, or subjected to discrimination in any University program or activity as a result of sexual harassment or other forms of misconduct or bias. Even reading the Complaint in the light most favorable to Plaintiffs, as the Court must at this stage, it is clear that Harvard has in place robust policies and

---

[1] Harvard University is not a proper Defendant in this action, since it is not a corporate entity independent of President and Fellows of Harvard College.

[2] Harvard is filing, simultaneously with this motion, a Motion for Summary Judgment seeking dismissal of Count Ten (alleging a violation of plaintiff Kilburn's privacy rights). This stays the requirement to answer the remaining count. *See, e.g., Nat'l Cas. Co. v. OneBeacon Am. Ins. Co.*, No. CIV.A. 12-11874-DJC, 2013 WL 3335022, at *6 (D. Mass. July 1, 2013), *aff'd sub nom. Emps. Ins. Co. of Wausau v. OneBeacon Am. Ins. Co.*, 744 F.3d 25 (1st Cir. 2014), citing Fed.R.Civ.P. 12(a)(4) and *Tingley Sys., Inc. v. CSC Consulting, Inc.,* 152 F.Supp.2d 95, 122 (D. Mass. 2001) ("a partial motion to dismiss suspends the time to answer the claims not subject to the motion"). Should the Court disagree, Harvard respectfully moves to extend the deadline for filing an Answer to Count Ten until after the Court rules on the later of this Motion to Dismiss or the Motion for Summary Judgment on Count Ten filed by Harvard today.

procedures to address allegations of sexual harassment, and to ensure the well-being of the members of its community.

The allegations contained in the Complaint in this case acknowledge that after Plaintiffs, who are three Harvard graduate students, raised concerns about the conduct of Professor John Comaroff, that conduct was thoroughly investigated by Harvard's Office of Dispute Resolution ("ODR"), as well as a third party investigator.  Comaroff was found to have violated Harvard's Title IX policies and the Harvard policy governing professional conduct.  Accordingly, significant sanctions were imposed upon Comaroff for violating Harvard's fundamental norms.

The Complaint contains no allegations that Harvard failed to comply with its Policies and Procedures.  Rather, Plaintiffs' allegations amount to a disagreement with the outcome of the ODR investigations into their concerns, and a preference that Harvard follow certain procedures favored by plaintiffs but not required by Title IX.  However, neither of these is a valid basis to proceed with a Title IX (or any other) claim against a University.  *See, e.g., Leader v. President & Fellows of Harvard Coll.*, No. CV 16-10254, 2018 WL 3213490, at *4 (D. Mass. June 29, 2018), citing *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 639-40, 643 (1999) (a University's "failure to engage in 'particular remedial demands,'…is not sufficient for a finding of liability under Title IX").

As explained in the Memorandum of Law accompanying this Motion, Counts One through Nine must be dismissed for the following reasons:

- Count One, entitled Violation of Title IX: Deliberate Indifference to Gender Discrimination and Hostile Educational Environment, alleges that Harvard exhibited deliberate indifference to a sexually hostile educational environment created by Comaroff.  The Complaint itself demonstrates that Harvard's actions did not come close to satisfying the First Circuit's high bar for stating a claim of deliberate indifference under Title IX. Moreover, the claim is time-barred.

- Count Two seeks to hold Harvard liable for purported retaliation by Comaroff and other Harvard faculty members.  However, Plaintiffs do not allege that *Harvard* retaliated, but rather seek to hold Harvard strictly liable for the purported retaliation of Comaroff and others.  There is no such cause of action under Title IX.  Moreover, even if Harvard

could be held liable for the alleged retaliation of others, the alleged conduct does not constitute retaliatory action under Title IX, and is barred by the statute of limitations.

- Count Three, entitled Violation of Title IX: Gender Discrimination, asserts *no* factual allegations linking the conduct of which plaintiffs complain to any gender bias. The conclusory allegations recounted are insufficient to state a claim.

- Counts Four, Five, and Six, alleging a violation of the Massachusetts Civil Rights Act, sexual harassment under Mass. Gen. Laws Ch. 214, § 1C, and a violation of the Mass. Equal Rights Act, must be dismissed because they are time-barred, and fail to state a claim. In addition, Chapter 214 § 1C, bars the other two statutory claims.

- Count Seven, alleging negligent hiring and supervision, must be dismissed because it is time-barred. Comaroff was hired by Harvard in 2012. Plaintiffs allege that he engaged in misconduct in 2017, and that they were aware of the misconduct, made Harvard aware, and experienced negative effects as a result of Comaroff's conduct and the alleged lack of response by Harvard. Thus, the negligent supervision claims accrued, at the latest, in 2017 and the statute of limitations has long since run.

- Counts Eight and Nine, alleging a breach of contract and breach of the covenant of bad faith and fair dealing, fail because Plaintiffs do not allege what purported agreement(s) and term(s) were breached, and generalized statements of policy are not actionable in this jurisdiction.

For all of these reasons, and those set forth in the accompanying Memorandum of Law, Harvard respectfully requests that this Court issue an Order dismissing Plaintiffs' Complaint with prejudice.

Respectfully submitted,

**PRESIDENT AND FELLOWS OF HARVARD COLLEGE,**

By its attorneys,

*/s/ Victoria L. Steinberg*
Victoria L. Steinberg, BBO #666482
Julien M. Mundele, BBO #694001
Rachel C. Hutchinson, BBO #696739
TODD & WELD LLP
One Federal Street
Boston, MA  02110
Telephone:   (617) 624-4714
Facsimile:    (617) 624-4814
vsteinberg@toddweld.com
jmundele@toddweld.com
rhutchinson@toddweld.com

3

Martin F. Murphy, BBO #363250  
Madeleine K. Rodriguez, BBO #684394  
FOLEY HOAG LLP  
155 Seaport Boulevard, Suite 1600  
Boston, MA 02210  
Telephone: (617) 832-1000  
Facsimile: (617) 832-7000  
mmurphy@foleyhoag.com  
mrodriguez@foleyhoag.com  

*Attorneys for Defendants,*  
*Harvard University and President and*  
*Fellows of Harvard College*

Dated: May 31, 2022

### LOCAL RULE 7.1 CERTIFICATION

I hereby certify that, pursuant to Local Rule 7.1(a)(2), I met and conferred with counsel for Plaintiffs on May 31, 2022 and the parties were unable to narrow or resolve the issues raised therein.
.

*/s/ Victoria Steinberg*  
Victoria Steinberg

### CERTIFICATE OF SERVICE

I, Victoria Steinberg, hereby certify that a copy of the foregoing was sent via the Court's electronic filing system and served to all counsel of record on May 31, 2022.

*/s/ Victoria Steinberg*  
Victoria Steinberg