UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARGARET CZERWIENSKI, LILIA KILBURN, and AMULYA MANDAVA<br><br>    *Plaintiffs,*<br><br>v.<br><br>HARVARD UNIVERSITY AND THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE<br><br>    *Defendants.* | CASE NO. 1:22-cv-10202-JGD |

**HARVARD'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO COUNT TEN**

Defendant President and Fellows of Harvard College[1] respectfully request that the Court enter summary judgment in their favor on Count Ten of the Complaint in this action. That Count, brought solely on behalf of plaintiff Lilia Kilburn, alleges that, during Harvard's investigation of Kilburn's sexual harassment allegations, Harvard obtained plaintiff Lilia Kilburn's private therapy records from a mental health counselor and released them without her consent. Facts plaintiff cannot dispute demonstrate that this his claim is patently false and creates no basis for liability against Harvard.

---

[1] Harvard University is not properly named as a Defendant in this action, since it is not a corporate entity independent of the President and Fellows of Harvard College. Accordingly, the President and Fellows of Harvard College. responds on behalf of both named Defendants.

1

The undisputed facts demonstrates that *Kilburn herself* (1) volunteered to the Harvard investigator reviewing her sexual harassment claims that she had spoken to a therapist about Professor John Comaroff's alleged harassment of her; (2) told the investigator that the therapist had a record of "specific memories" that would provide "contemporaneous corroboration" for her claims; (3) said the therapist stood "ready to attest" to her complaint; (4) gave the investigator the therapist's name and contact information; (5) urged the investigator to contact the therapist and to obtain her therapy records for use in Harvard's investigation; and (6) contacted her therapist to ask her to search for documentation supporting her allegations against Comaroff.

Moreover, before Kilburn gave the Harvard investigator her therapist's name and contact information, Harvard had notified Kilburn no fewer than *seven times* that Harvard's procedures for investigating harassment complaints required the investigator to disclose evidence the investigator obtained during the investigation, like the therapy records, to Comaroff.

Despite Harvard's repeated reminders to Kilburn that its investigatory procedures required disclosure of the therapy records to Comaroff, Kilburn expressed no objection to Harvard's use of those records, or their disclosure to Comaroff, until after the investigation had ended and the internal appeals panel had convened.

These facts, which are beyond dispute, make clear that Count Ten of the complaint, alleging that Harvard wrongfully induced Kilburn's therapist to disclose confidential information and invaded her privacy—is wholly without merit. Therefore, Harvard respectfully requests that the Court enter summary judgment in Harvard's favor on Count Ten of the Complaint.

In further support of this Motion, Harvard files herewith:

1. Harvard's Memorandum of Law in Support of its Motion for Summary Judgment;

2. Harvard's Statement of Material Facts;

3. Affidavit of Ilissa Povich and associated exhibits;[2]

4. Affidavit of Kwok W. Yu; and

5. Affidavit of Alexandria Masud

**WHEREFORE,** Harvard University and President and Fellows of Harvard College respectfully request that that the Court enter summary judgment as to Count Ten of plaintiff's complaint.

*Respectfully submitted*,

Victoria L. Steinberg, BBO #666482
Julien M. Mundele, BBO #694001
Rachel C. Hutchinson, BBO #696739
TODD & WELD LLP
One Federal Street
Boston, MA 02110
Telephone: (617) 624-4714
Facsimile: (617) 624-4814
vsteinberg@toddweld.com
jmundele@toddweld.com
rhutchinson@toddweld.com

*/s/ Martin F. Murphy*
Martin F. Murphy, BBO #363250
Madeleine K. Rodriguez, BBO #684394
FOLEY HOAG LLP
155 Seaport Boulevard, Suite 1600
Boston, MA 02210
Telephone: (617) 832-1000
Facsimile: (617) 832-7000
mmurphy@foleyhoag.com
mrodriguez@foleyhoag.com

*Attorneys for Defendants,
Harvard University and President and
Fellows of Harvard College*

---

[2] Harvard has filed a separate motion to file under seal several of the exhibits to the Affidavit of Ilissa Povich.

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that, pursuant to Local Rule 7.1(a)(2), I met and conferred with counsel for Plaintiffs on May 31, 2022 and the parties were unable to narrow or resolve the issues raised therein.
.

                                                */s/ Martin F. Murphy*
                                                Martin F. Murphy

## CERTIFICATE OF SERVICE

I, Martin F. Murphy, hereby certify that a copy of the foregoing was sent via the Court's electronic filing system and served to all counsel of record on May 31, 2022.

                                                */s/ Martin F. Murphy*
                                                Martin F. Murphy

FH10923153.1