UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **MARGARET CZERWIENSKI, LILIA KILBURN, and AMULYA MANDAVA**<br><br>*Plaintiffs,*<br><br>v.<br><br>**HARVARD UNIVERSITY AND THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE**<br><br>*Defendants.* | CASE NO. 1:22-cv-10202-JGD |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE REDACTED VERSIONS OF SEALED EXHIBITS FILED IN SUPPORT OF HARVARD'S MOTIONS TO DISMISS AND FOR PARTIAL SUMMARY JUDGMENT**

Defendant President and Fellows of Harvard College ("Harvard") respectfully requests that the Court deny Plaintiffs' Motion for Leave to File Redacted Versions of Sealed Exhibits, which is a motion to unseal Exhibits A-C to Harvard's Motion to Dismiss and Exhibits 16-17 and 19-21 to Harvard's Motion for Partial Summary Judgment. *First*, the motion is premature. The Plaintiffs have filed an Amended Complaint making substantial changes to the Complaint, and Harvard is evaluating how to respond. To the extent that Harvard seeks to file exhibits under seal with its responses to the Amended Complaint—now due later this month[1]—the Court can evaluate whether

---

[1] Under the current schedule, Harvard's response is due July 12. Harvard expects to file a motion requesting until July 19.

1

*those* exhibits warrant sealing. Evaluating whether exhibits attached to Harvard's Motion to Dismiss, which has been mooted, wastes judicial resources. And while Harvard's Motion for Partial Summary Judgment on Count Ten remains pending, Harvard expects to respond to the Amended Complaint's revised Count Ten allegations by filing a revised Memorandum, and, potentially, revised exhibits, so addressing exhibits attached to Harvard's current filing would likewise be premature.

*Second*, because the exhibits Plaintiffs seek to unseal contain personally sensitive information, including information about third-parties, related to Harvard's confidential Title IX process, this Court should conclude, as several other Judges in this District have concluded, that the exhibits in question may properly be sealed.

## I.   PROCEDURAL BACKGROUND

On May 31, 2022, Harvard filed a Motion to Dismiss Counts One through Nine of Plaintiffs' Complaint and a Motion for Partial Summary Judgment on Count Ten. On the same date, Harvard moved the Court for leave to file eight exhibits under seal in connection with those Motions—Exhibits A-C to Harvard's Motion to Dismiss, and Exhibits 16-17 and 19-21 to Harvard's Motion for Partial Summary Judgment. Plaintiffs did not object, but reserved their rights to object to the sealing of those exhibits. On June 1, 2022, the Court entered an agreed-upon Protective Order. Dkt. No. 30. On June 2, 2022 the Court granted Harvard's Motion to Seal the eight exhibits in question. Dkt. No. 31.

On June 21, 2022, Plaintiffs filed an Amended Complaint, which revised substantially the allegations they made in their now-mooted Complaint. On June 24, 2022, the Court entered an order "finding as moot" Harvard's Motion to Dismiss Counts One through Nine of Plaintiff's Amended Complaint. Dkt. No. 37. Harvard's response to the Amended Complaint is currently due

later this month. Plaintiffs now seek to unseal the three exhibits Harvard filed under seal with its now-mooted original Motion to Dismiss and the five exhibits Harvard filed with its Motion for Partial Summary Judgment on Count Ten and replace them with publicly-filed, selectively redacted versions of those documents.

II. **ARGUMENT**

    A. **Plaintiffs' Motion to Unseal Exhibits is Premature; Preservation of Judicial Resources Therefore Counsels Against the Court Acting on it Now.**

As noted above, the Court has entered an Order "finding as moot" Harvard's Motion to Dismiss Counts One through Nine of the Amended Complaint. Dkt. No. 37. Harvard's Motion for Partial Summary Judgment on Count Ten remains pending but, as stated previously, Harvard expects to file a revised Memorandum and may file one or more different exhibits to respond to the revised allegations of Count Ten. Of course, Harvard will need to meet and confer with Plaintiffs with respect to any exhibits it seeks to file under seal.

In sum, Harvard will identify any exhibits it intends to ask the Court to file under seal related to its responses to the Amended Complaint. The parties will meet and confer to determine whether they can agree on whether to request that the Court permit any of those documents to be filed under seal pursuant to the Protective Order the Count entered on June 1, 2022. Dkt. No. 30. Accordingly, the Court should not be required court to sift through the hundreds of redactions proposed by Plaintiffs in documents that pertain to a Complaint that has been superseded. Harvard therefore requests that the Court deny as moot Plaintiffs' Motion to Unseal.

    B. **The Exhibits were Properly Sealed.**

The trial court has discretion to maintain documents under seal where privacy interests outweigh the general public interest in access to judicial records. *In re Boston Herald,* 321 F.3d 174, 190–91 (1st Cir. 2003). While in general there is a "strong presumption that judicial records

3

are open to the public . . . . The right of public access to judicial records is not absolute, and 'it is within a court's discretion to curtail'" it. *Murray v. Wal-Mart Stores, Inc.*, No. 2:15-cv-00484-DBH, 2019 U.S. Dist. LEXIS 176974, at *3 (D. Me. Oct. 11, 2019). When information would be designated as confidential under a confidentiality order, it can appropriately be sealed at the summary judgment stage. *Id.* ("Therefore, to the extent that the motion for summary judgment and associated documents and exhibits reveal confidential information about third parties, the plaintiff, or the defendants' business practices, they should remain sealed at this stage of the proceedings."). This can be true even where the plaintiff, whose privacy is at issue, opposes the motion. *See id.* at *2-3. The fact that plaintiffs have chosen to publicize their allegations—for example, speaking to the Chronicle of Higher Education about Comaroff before filing complaints with ODR[2]—does not undermine third parties' interests in confidentiality, or Harvard's interests in maintaining the confidentiality of ODR proceedings so that future complainants will feel comfortable coming forward.

Applying this standard, Harvard ODR reports have been determined appropriate for sealing in other cases in this jurisdiction. *See, e.g., Doe v. Harvard University, et al.,* Civ. Action No. 1:18-cv-12150-IT, Dkt. 25; *Leader v. Harvard University Board of Overseers, et al.,* Civ. Action No. 1:16-cv-10254-DJC, Dkt. 21.[3]

---

[2] *See* Neil Gluckman, *The Patron*, CHRON. HIGHER EDUCATION (August 25, 2020) https://www.chronicle.com/article/the-patron

[3] Plaintiffs' arguments that these motions were assented-to is unavailing. The fact they were assented to does not undermine the Courts' appropriate findings in those cases that privacy interests in the material to be sealed – which is identical in nature to the material at issue here – outweighed the public's interest in access to the information therein.

### 1.     Exhibits A-C to Harvard's Motion to Dismiss.

Exhibits A-C to Harvard's Motion to Dismiss are the final, confidential reports which detail the conclusions of the investigation of Harvard's Office of Dispute Resolution ("ODR") into Plaintiffs' allegations against Professor John Comaroff.[4] The reports contain detailed accounts of the information provided by the three plaintiffs, and Comaroff's response to those allegations. They also contain detailed descriptions of the observations and experiences of others, including Harvard students, Harvard faculty members, and students and faculty members at other institutions.

Harvard places a high value on the confidentiality of ODR's investigations and imposes an expectation of confidentiality on participants in ODR investigations. As stated in the Sexual and Gender-Based Harassment Policy and Procedures for the Faculty of Arts and Sciences:[5]

> The ODR, personal advisors, and others at the University involved in or aware of the complaint will take reasonable steps to protect the privacy of all involved. Once a complaint is filed, the Complainant or Reporter, the Respondent, and any witnesses will be notified of the potential for compromising the integrity of the investigation by disclosing information about the case and the expectation that they therefore keep such information – including any documents they may receive or review – confidential. They also will be notified that sharing such information might be construed as retaliatory. Retaliation of any kind is in itself a separate violation of this Policy and may lead to an additional complaint and consequences.
>
> The parties remain free to share their own experiences, other than information that they have learned solely through the investigatory process; though, to avoid the possibility

---

[4] Plaintiff has given these exhibits different designations in the Motion to Unseal: Exhibit A to Harvard's Motion to Dismiss (the Final Report for plaintiff Mandava) is Exhibit 1 to Plaintiffs' Motion to Unseal; Exhibit B to Harvard's Motion to Dismiss (the Final Report for Plaintiff Czerwienski) is Exhibit 2 to Plaintiffs' Motion to Unseal; and Exhibit C to Harvard's Motion (the Final Report for Plaintiff Kilburn) to Dismiss is Exhibit 3 to Plaintiffs' Motion to Unseal.

[5] https://www.fas.harvard.edu/files/fas/files/fas_p_and_p_combined_2014_2020.pdf?m=1600459885

of compromising the investigation, it is generally advisable to limit the number of people in whom they confide.

Disclosing the full text of the ODR reports, as Plaintiffs propose, would undermine the expectation of confidentiality Harvard's policies are intended to protect. Plaintiffs' privacy rights and confidentiality expectations are not the only ones at stake here. ODR interviewed dozens of witnesses, who spoke with ODR voluntarily (given that ODR lacks subpoena power to compel witnesses' testimony). Revealing the full text of ODR reports would deter future reporters and witnesses. *See DeCosta v. Chabot*, 1994 WL 279739, at *2 (D.N.H. June 9, 1994) (granting motion to seal abuse investigation records as supporting exhibits to a dispositive motion, in part to "encourage reports and to protect the reporters"). The fact that plaintiffs here want to make public some (but as noted below, not all) facts relating to the ODR's investigation of Plaintiffs' complaints does not undermine the importance of confidentiality here. *DeCosta* made clear that an important rationale for keeping documents sealed is to encourage *future* reports. A ruling that unseals these documents and exposes third party witnesses to identification would likely cause hesitation both with new reports, and cooperation with ongoing investigations.

Plaintiffs' proposed redactions do not solve this problem. First, while redacting the names of witnesses and other participants is certainly better than revealing them publicly, the report itself contains information about witnesses that would make it relatively easy to identify many of them. For example, in one report, ODR identifies a Harvard organization with which a certain witness is associated and the role the witness played in that organization. Redacting that witness's name will not prevent others at and outside of Harvard from identifying the witness.

Second, it is clear that Plaintiffs play favorites in the redactions they propose. In the Kilburn report, for example, they propose to redact the name of Kilburn's partner and the name of her Master's thesis advisor, but propose *not* to redact the name of Comaroff's partner or, indeed, the

6

names of any of the six witnesses that Comaroff identified, including professors at institutions other than Harvard. This one-sided and selective approach is another reason why the Court should not order the full reports disclosed, even with the redactions plaintiff has proposed.

### 2. Exhibits 16-17 and 19-21 to Harvard's Motion for Partial Summary Judgment.

For similar reasons, the Court should not unseal Exhibits 16-17 and 19-21 to Harvard's Motion for Partial Summary Judgment (Exhibits 4-8 of Plaintiff's Motion to Unseal).[6] Plaintiffs' proposal to unseal Exhibit 21 (Exhibit 8 to Plaintiff's Motion to Unseal) is particularly problematic. Exhibit 21 is a 173-page document containing ODR's raw notes of all of the interviews it conducted related to Kilburn's complaints. It includes sensitive information—for example, information about the gender identification of Comaroff's other students in sufficient detail to identify them—even if their names are redacted. In addition, as noted above, the redactions Plaintiffs propose are remarkably one-sided. For example, the redactions plaintiffs propose to ODR's notes of its interview with Kilburn's therapist include information containing information that is clearly not confidential, but which might undermine Kilburn's credibility. *See*, *e.g.,* Exhibit 17 at 2-3.

---

[6] Exhibit 16 (Exhibit 4 to Plaintiffs' Motion) is ODR's notes of its interview with Kilburn's therapist; Exhibit 17 (Exhibit 5 to Plaintiffs' Motion) is an email exchange between ODR and Kilburn's therapist; Exhibit 19 (Exhibit 6 to Plaintiffs' Motion) is an email exchange between ODR and Kilburn, identifying two witnesses by name; Exhibit 20 (Exhibit 7 to Plaintiffs' Motion) is an email exchange between ODR and Comaroff, identifying by name two witnesses and another individual Comaroff identified but who declined to be interviewed); Exhibit 21 (Exhibit 8 to Plaintiffs' motion) is ODR's notes of its "Review of Evidence" meeting with Kilburn.

### III. CONCLUSION

In a short time, Harvard will have filed new pleadings addressing Plaintiffs' Amended Complaint. Therefore, Harvard respectfully requests that the Court deny Plaintiffs' Motion to Unseal as moot. In the alternative, should the Court decide that the matter is not moot, Harvard respectfully requests that the Court deny the motion because the material is properly sealed.

Respectfully submitted,

| | |
|---|---|
| Victoria L. Steinberg, BBO #666482<br>Julien M. Mundele, BBO #694001<br>Rachel C. Hutchinson, BBO #696739<br>TODD & WELD LLP<br>One Federal Street<br>Boston, MA  02110<br>Telephone:     (617) 624-4714<br>Facsimile:      (617) 624-4814<br>vsteinberg@toddweld.com<br>jmundele@toddweld.com<br>rhutchinson@toddweld.com | *Martin F. Murphy*<br>Martin F. Murphy, BBO #363250<br>Madeleine K. Rodriguez, BBO #684394<br>FOLEY HOAG LLP<br>155 Seaport Boulevard, Suite 1600<br>Boston, MA 02210<br>Telephone: (617) 832-1000<br>Facsimile: (617) 832-7000<br>mmurphy@foleyhoag.com<br>mrodriguez@foleyhoag.com<br><br>*Attorneys for Defendants,*<br>*Harvard University and President and*<br>*Fellows of Harvard College* |

Dated: July 6, 2022

FH10957438.1

## CERTIFICATE OF SERVICE

I, Martin F. Murphy, hereby certify that a copy of the foregoing was sent via the Court's electronic filing system and served to all counsel of record on July 6, 2022.

*/s/ Martin F. Murphy*
Martin F. Murphy

FH10957438.1