UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARGARET CZERWIENSKI, LILIA KILBURN, and AMULYA MANDAVA<br><br>*Plaintiffs,*<br><br>v.<br><br>HARVARD UNIVERSITY AND THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE<br><br>*Defendants.* | CASE NO. 1:22-cv-10202-JGD |

**DEFENDANT'S MOTION FOR LEAVE TO FILE UNDER SEAL ATTACHMENTS TO MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Pursuant to Local Rule 7.2, Defendant President and Fellows of Harvard College ("Harvard") hereby moves for leave to file under seal three documents in support of its Motion to Dismiss to be filed today, July 19, 2022. These documents contain certain confidential and private information about parties and non-parties, and each document contains records protected against disclosure by the Family Educational Rights and Privacy Act ("FERPA").

**BACKGROUND**

Plaintiffs are three Harvard graduate students in the Anthropology Department, who filed their Complaint in this Court on February 8, 2022, and an Amended Complaint ("Am. Compl.") on June 21, 2022. Dkt. Nos. 1, 35.

Plaintiffs' Amended Complaint claims that when Plaintiffs raised concerns about Harvard faculty member John Comaroff, Harvard did not take meaningful steps to address them. Throughout the Amended Complaint, Plaintiffs discuss and rely on the investigations of Harvard's Office of Dispute Resolution ("ODR") in their complaints, including repeatedly referencing three ODR Final Reports. *See, e.g.*, Am. Compl. ¶¶ 15 n.11, 62, 67, 171, 184, 303-

1

10, 312, 317.  These reports are therefore "incorporated into the complaint by reference," and the Court may properly consider them on a motion to dismiss.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see Routh v. Univ. of Rochester*, 981 F. Supp. 2d 184, 191 (W.D.N.Y. 2013) (considering university's written findings in granting motion to dismiss in action for Title IX and negligence action where documents "were incorporated by reference [in the complaint] and since [the plaintiff] obviously possessed them and relied on them in drafting [the complaint]").  All three ODR Final Reports contain sensitive nonpublic information about the Plaintiffs, Harvard faculty, and Harvard student witnesses.

Accordingly, Harvard moves to submit under seal the three ODR Final Reports.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Harvard is filing a Motion to Dismiss Counts One through Nine of the Amended Complaint, together with a Memorandum in Support thereof.  The Memorandum attaches the three ODR Final Reports, which Plaintiffs cite throughout the Complaint.  *See, e.g.*, Am. Compl. ¶¶ 15 n.11, 62, 67, 171, 184, 303-10, 312, 317.

Pursuant to Local Rule 7.2, confidential information or materials submitted with court filings may be sealed or otherwise restricted from public access upon a showing of good cause. The trial court has discretion to maintain documents under seal where the privacy interests outweigh the general public's interest in access to judicial records.  *In re Boston Herald*, 321 F.3d 174, 190–91 (1st Cir. 2003); *see Murray v. Wal-Mart Stores, Inc.*, No. 2:15-cv-00484-DBH, 2019 U.S. Dist. LEXIS 176974, at *3 (D. Me. Oct. 11, 2019) (While in general there is a "strong presumption that judicial records are open to the public . . . . The right of public access to judicial records is not absolute, and 'it is within a court's discretion to curtail'" it.).

Here, "good cause" exists to seal the three ODR Final Reports because they reveal highly personal, confidential, and sensitive information about the Plaintiffs, as well as personally-

identifying information and confidential material concerning other witnesses who were interviewed or involved with the ODR investigations. *See* L.R. 7.2. Although the Plaintiffs, by filing suit, have waived certain FERPA protections, those protections continue in force for other individuals discussed in the Reports. Indeed, ODR interviewed dozens of witnesses in connection with Plaintiffs' investigations, and those individuals spoke with ODR voluntarily (given that ODR lacks subpoena power to compel witnesses' testimony). Consequently, revealing the full Final ODR Reports may deter other student and witness participation in Harvard's Title IX investigatory processes. *See DeCosta v. Chabot*, Civ. Action No. 92–425–M, 1994 WL 279739, at *2 (D.N.H. June 9, 1994) (granting motion to seal abuse investigation records as supporting exhibits to a dispositive motion, in part to "encourage [future] reports and to protect the reporters").

Further, Harvard places a high value on the confidentiality of ODR's investigations and imposes an expectation of confidentiality on all participants therein. As stated in the Sexual and Gender-Based Harassment Policy and Procedures for the Faculty of Arts and Sciences:

> The ODR, personal advisors, and others at the University involved in or aware of the complaint will take reasonable steps to protect the privacy of all involved. Once a complaint is filed, the Complainant or Reporter, the Respondent, and any witnesses will be notified of the potential for compromising the integrity of the investigation by disclosing information about the case and the expectation that they therefore keep such information – including any documents they may receive or review – confidential. They also will be notified that sharing such information might be construed as retaliatory. Retaliation of any kind is in itself a separate violation of this Policy and may lead to an additional complaint and consequences.
>
> The parties remain free to share their own experiences, other than information that they have learned solely through the investigatory process; though, to avoid the possibility of compromising the investigation, it is generally advisable to limit the number of people in whom they confide.[1]

For the foregoing reasons, and consistent with decisions permitting sealing of such

---

[1] https://www.fas.harvard.edu/files/fas/files/fas_p_and_p_combined_2014_2020.pdf?m=1600459885.

records in other matters in this District, Harvard requests that this Court allow it to file the ODR Final Reports under seal. *See Doe v. Harvard University, et al.,* Civ. Action No. 1:18-cv-12150-IT, Dkt. No. 25 (permitting Harvard to file ODR Report under seal); *Leader v. Harvard University Board of Overseers, et al.*, Civ. Action No. 1:16-cv-10254-DJC, Dkt. No. 21 (same).[2]

## CONCLUSION

For the reasons set forth above, Harvard respectfully requests that this Court issue an Order permitting it to file under seal the three ODR Final Reports of the investigations into the Plaintiffs' complaints.

Respectfully submitted,

**PRESIDENT AND FELLOWS OF HARVARD COLLEGE,**

By its attorneys,

/s/ *Victoria Steinberg*
Victoria L. Steinberg, BBO #666482
Rachel C. Hutchinson, BBO #696739
Rebecca M. O'Brien, BBO #693592
TODD & WELD LLP
One Federal Street
Boston, MA  02110
Telephone:    (617) 624-4714
Facsimile:      (617) 624-4814
vsteinberg@toddweld.com
rhutchinson@toddweld.com
robrien@toddweld.com

/s/*Martin F. Murphy*
Martin F. Murphy, BBO #363250
Madeleine K. Rodriguez, BBO #684394
FOLEY HOAG LLP
155 Seaport Boulevard, Suite 1600
Boston, MA 02210
Telephone:    (617) 832-1000
Facsimile:      (617) 832-7000
mmurphy@foleyhoag.com
mrodriguez@foleyhoag.com

Dated: July 19, 2022

*Attorneys for Defendant,
President and Fellows of Harvard College*

---

[2] Plaintiffs' arguments that these motions were assented-to is unavailing. The fact they were assented to does not undermine the Courts' appropriate findings in those cases that privacy interests in the material to be sealed—which is identical in nature to the material at issue here—outweighed the public's interest in access to the information therein.

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that, pursuant to Local Rule 7.1(a)(2), counsel for Defendants met and conferred with counsel for Plaintiffs on July 15, 2022. Counsel for Plaintiffs indicated that they oppose the relief sought herein.

/s/ *Victoria Steinberg*
Victoria Steinberg

## CERTIFICATE OF SERVICE

I, Rachel C. Hutchinson, hereby certify that a copy of the foregoing was sent via the Court's electronic filing system and served to all counsel of record on July 19, 2022.

/s/ *Rachel C. Hutchinson*
Rachel C. Hutchinson