UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARGARET CZERWIENSKI, LILIA KILBURN, and AMULYA MANDAVA<br><br>*Plaintiffs,*<br><br>v.<br><br>HARVARD UNIVERSITY AND THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE<br><br>*Defendants.* | Case No. 1:22-cv-10202-JGD<br><br>LEAVE TO FILE EXCESS PAGES GRANTED ON JULY 19, 2022 |

## DEFENDANT'S MOTION TO DISMISS COUNTS ONE THROUGH NINE OF PLAINTIFFS' AMENDED COMPLAINT

Defendant President and Fellows of Harvard College ("Harvard")[1] respectfully moves to dismiss Counts One through Nine[2] of Plaintiffs' Amended Complaint.

Harvard is steadfastly committed to maintaining a healthy and supportive educational and work environment in which all members of the Harvard community can flourish and which is free from harassment and other forms of misconduct and bias. Reading the Amended Complaint in the light most favorable to Plaintiffs, as the Court must at this stage, it is clear that Harvard has in place robust policies and procedures to address allegations of sexual harassment and to ensure the well-being of the members of its community, and that those policies and procedures were followed as to each of the three Plaintiffs in this case.

---

[1] Harvard University is not a proper Defendant in this action, because it is not a corporate entity independent of the President and Fellows of Harvard College.

[2] Harvard is filing, simultaneously with this motion, a Motion for Summary Judgment seeking dismissal of Count Ten (alleging a violation of Kilburn's privacy rights). Cases in this jurisdiction support the view that a partial motion to dismiss stays the requirement to answer the remaining counts. *See Nat'l Cas. Co. v. OneBeacon Am. Ins. Co.*, No. CIV.A. 12-11874-DJC, 2013 WL 3335022, at *6 (D. Mass. July 1, 2013); *Tingley Sys., Inc. v. CSC Consulting, Inc.,* 152 F. Supp. 2d 95, 122 (D. Mass. 2001) (a partial motion to dismiss suspends the time to answer the claims not subject to the motion). Should the Court disagree, Harvard respectfully moves to extend the deadline for filing an Answer on Count Ten until after the Court rules on the later of this Motion to Dismiss or the Motion for Summary Judgment.

The Amended Complaint obscures the relevant events by including a host of information not pertinent to Plaintiffs' claims and Harvard's response thereto. In this way, Plaintiffs misleadingly suggest a lack of action on Harvard's part. But even the allegations confirm that Plaintiffs' complaints were thoroughly investigated by Harvard's Office of Dispute Resolution ("ODR"), as well as a third-party investigator. Comaroff was found to have violated Harvard's Title IX policies and the Harvard policy governing professional conduct, and significant sanctions were imposed upon Comaroff.

As explained in the Memorandum of Law accompanying this Motion, Counts One through Nine must be dismissed for the following reasons:

- Count One alleges that Harvard is liable for a violation of Title IX based on Harvard's alleged deliberate indifference to a sexually hostile educational environment created by Comaroff. This Count should be dismissed because it is barred by the statute of limitations and because the Amended Complaint itself demonstrates that Harvard's actions did not come close to satisfying the First Circuit's exacting requirements to state a claim for deliberate indifference under Title IX.

- Count Two seeks to hold Harvard liable for purported retaliation by Comaroff and other Harvard faculty members. This Count should be dismissed because Plaintiffs do not allege that *Harvard* retaliated against them, but rather seek to hold Harvard strictly liable for the purported retaliation of Comaroff and others. There is no such cause of action under Title IX. Moreover, even if Harvard could be held liable for the alleged retaliation of others, the alleged conduct does not constitute retaliation under Title IX, and is barred by the statute of limitations in any event.

- Count Three alleges a violation of Title IX based on disparate treatment by Harvard on account of Plaintiffs' gender. However, Plaintiffs rely on conclusory generalizations of gender bias, which are insufficient to state a claim under Title IX.

- Counts Four, Five, and Six, alleging a violation of the Massachusetts Civil Rights Act, sexual harassment under Mass. Gen. Laws Ch. 214, § 1C, and a violation of the Massachusetts Equal Rights Act, must be dismissed because they are time-barred, and fail to state a claim. Chapter 214 § 1C also bars the other two statutory claims.

- Count Seven, alleging negligent hiring, retention, and supervision, must be dismissed because it is time-barred. Comaroff was hired in 2012. Plaintiffs allege that, in 2017, they were aware of alleged misconduct by him as to them, that they made Harvard aware, and that they experienced negative effects as a result of Comaroff's conduct and the alleged lack of response by Harvard. Accepting the allegations in the

      Amended Complaint as true for purposes of this Motion, Plaintiffs' negligence claims accrued, at the latest, in 2017 and the statute of limitations has long since run.

- Counts Eight and Nine, alleging a breach of contract and breach of the covenant of good faith and fair dealing, fail because Plaintiffs do not allege what purported agreement(s) and term(s) were allegedly breached, and generalized statements of policy and conclusory allegations of "bad faith" are not actionable in this jurisdiction.

For the foregoing reasons, and those set forth in the accompanying Memorandum of Law, Harvard respectfully requests that this Court issue an Order dismissing Plaintiffs' Amended Complaint with prejudice.

      Respectfully submitted,

      **PRESIDENT AND FELLOWS OF HARVARD COLLEGE,**

      By its attorneys,

      */s/ Victoria L. Steinberg*
      Victoria L. Steinberg, BBO #666482
      Rachel C. Hutchinson, BBO #696739
      Rebecca M. O'Brien, BBO #693592
      TODD & WELD LLP
      One Federal Street
      Boston, MA  02110
      Telephone:    (617) 624-4714
      Facsimile:    (617) 624-4814
      vsteinberg@toddweld.com
      robrien@toddweld.com
      rhutchinson@toddweld.com

      Martin F. Murphy, BBO #363250
      Madeleine K. Rodriguez, BBO #684394
      FOLEY HOAG LLP
      155 Seaport Boulevard, Suite 1600
      Boston, MA 02210
      Telephone: (617) 832-1000
      Facsimile: (617) 832-7000
      mmurphy@foleyhoag.com
      mrodriguez@foleyhoag.com

      *Attorneys for Defendants,*
      *Harvard University and President and*
      *Fellows of Harvard College*

Dated: July 19, 2022

## **LOCAL RULE 7.1 CERTIFICATION**

I hereby certify that, pursuant to Local Rule 7.1(a)(2), I met and conferred with counsel for Plaintiffs concerning the subject matter of this Motion and the accompanying Memorandum, and the parties were unable to narrow or resolve the issues raised therein.

*/s/ Victoria Steinberg*
Victoria Steinberg

## **CERTIFICATE OF SERVICE**

I, Victoria Steinberg, hereby certify that a copy of the foregoing was sent via the Court's electronic filing system and served to all counsel of record on July 19, 2022.

*/s/ Victoria Steinberg*
Victoria Steinberg