UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **MARGARET CZERWIENSKI, LILIA KILBURN, and AMULYA MANDAVA**<br><br>*Plaintiffs,*<br><br>v.<br><br>**HARVARD UNIVERSITY AND THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE**<br><br>*Defendants.* | CASE NO. 1:22-cv-10202-JGD |

### DEFENDANT'S ASSENTED-TO MOTION FOR LEAVE TO FILE REPLY IN FURTHER SUPPORT OF ITS MOTION FOR LEAVE TO FILE UNDER SEAL ATTACHMENTS TO THE MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

Pursuant to Local Rule 7.1(b)(3), Defendant President and Fellows of Harvard College ("Harvard"),[1] with the assent of Plaintiffs, respectfully seeks leave to file the three-page reply memorandum attached hereto as Exhibit 1 in further support of its Motion for Leave to File under Seal.

In further support hereof, Harvard states as follows:

1. On July 19, 2022, Harvard filed its Motion to Dismiss, Memorandum in Support, and a Motion for Leave to File under Seal. Dkt. Nos. 44, 53, 54.

2. This Court has scheduled a hearing on Harvard's Motion to Seal for September 2, 2022. Dkt. No. 56.

3. On August 2, 2022, Plaintiffs filed their Opposition to Harvard's Motion to Seal,

---

[1] The President and Fellows of Harvard College is the legal entity comprising Harvard University, and is the proper party to this litigation.

which raises novel factual and legal arguments regarding Plaintiffs' proposal that the documents Harvard seeks to file under seal be redacted rather than sealed.  Dkt. No. 55.

4. To address these issues, Harvard hereby seeks to file a three-page reply brief. Harvard submits that a reply brief will allow it to fully and appropriately address arguments in Plaintiffs' Opposition and will facilitate this Court's consideration of the Motion to Seal with ample time prior to the scheduled hearing.

5. Neither party will be prejudiced by allowance of the instant Motion, which will not change any scheduling order or deadline in this case.

6. Harvard has conferred with counsel for the Plaintiffs, who indicated that Plaintiffs assent to the relief requested herein.

WHEREFORE, Harvard respectfully requests that this Court allow Harvard to file the three-page reply memorandum, attached hereto as Exhibit 1, in further support of its Motion for Leave to File under Seal.

Respectfully submitted,

**PRESIDENT AND FELLOWS OF HARVARD COLLEGE,**

By its attorneys,

| | |
|---|---|
| */s/ Victoria Steinberg* <br> Victoria L. Steinberg, BBO #666482 <br> Rachel C. Hutchinson, BBO #696739 <br> Rebecca M. O'Brien, BBO #693592 <br> TODD & WELD LLP <br> One Federal Street <br> Boston, MA  02110 <br> Telephone:     (617) 624-4714 <br> Facsimile:      (617) 624-4814 <br> vsteinberg@toddweld.com <br> rhutchinson@toddweld.com <br> robrien@toddweld.com | */s/Martin F. Murphy* <br> Martin F. Murphy, BBO #363250 <br> Madeleine K. Rodriguez, BBO #684394 <br> FOLEY HOAG LLP <br> 155 Seaport Boulevard, Suite 1600 <br> Boston, MA 02210 <br> Telephone:     (617) 832-1000 <br> Facsimile:      (617) 832-7000 <br> mmurphy@foleyhoag.com <br> mrodriguez@foleyhoag.com |

Dated: August 19, 2022

## **LOCAL RULE 7.1 CERTIFICATION**

I hereby certify that counsel for the Defendant conferred with counsel for Plaintiffs who indicated that Plaintiffs assent to the relief sought herein.

*/s/ Victoria Steinberg*
Victoria Steinberg

## **CERTIFICATE OF SERVICE**

I, Victoria Steinberg, hereby certify that a copy of the foregoing was sent via the Court's electronic filing system and served on all counsel of record.

*/s/ Victoria Steinberg*
Victoria Steinberg

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARGARET CZERWIENSKI, LILIA KILBURN, and AMULYA MANDAVA<br><br>*Plaintiffs,*<br><br>v.<br><br>HARVARD UNIVERSITY AND THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE<br><br>*Defendants.* | CASE NO. 1:22-cv-10202-JGD<br><br>LEAVE TO FILE GRANTED ON _____ |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF
ITS MOTION FOR LEAVE TO FILE UNDER SEAL ATTACHMENTS TO THE
MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant President and Fellows of Harvard College ("Harvard")[1] respectfully requests that this Court grant its Motion to Seal ("Motion") for the reasons set forth therein as well as because the redactions that Plaintiffs propose to the three ODR Final Reports[2] in lieu of sealing do not sufficiently protect the confidentiality and privacy interests of third parties. Plaintiffs' desire to publicize their allegations should not minimize or supersede the privacy rights of others, nor should it abrogate Harvard's interest in maintaining the confidentiality of ODR proceedings, particularly where a motion to dismiss is pending.

As the case law cited by Plaintiffs recognizes, the "public's right of access . . . is not unfettered." *United States v. Kravetz*, 706 F.3d 47, 59 (1st Cir. 2013) (collecting cases). Indeed,

---

[1] The President and Fellows of Harvard College is the legal entity comprising Harvard University, and is the proper party to this litigation.

[2] Plaintiffs propose redacting the names of all students and non-Harvard employees whose identities they have not already revealed in the Complaint or Amended Complaint. Dkt. No. 55 ("Opp.") at 9.

1

the "privacy rights of . . . third parties are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records." *Id.* at 62 (quotation omitted). "Third party privacy interests, in particular, have been referred to as a venerable common law exception to the presumption of access . . . and weigh heavily in a court's balance equation." *Id.* (quotations omitted). Thus, in assessing whether third-party privacy interests weigh against disclosure, "courts should consider the degree to which the subject matter is traditionally considered private rather than public." *Id.* (quotations omitted). "Whether the balance of interests justifies withholding from the public" only certain information, or the "entire content of" the at issue material, "is a matter to be decided by the district court." *Id.*

Here, Harvard's Sexual and Gender-Based Harassment Policy and Procedures, quoted at length in the Motion, *see* Dkt. No. 44 at 3, imposes on all participants in an investigation by Harvard's Office of Dispute Resolution ("ODR") an expectation that they will maintain confidentiality throughout the process.[3] The ODR process is therefore "traditionally . . . private," *see Kravetz*, 706 F.3d at 62, and for good reason. While redacting the names of witnesses and other participants as Plaintiffs propose is certainly preferable to revealing them publicly, ODR Final Reports contain information about witnesses, participants – and even third parties to whom participants referred but who did not themselves participate – that would make it relatively easy to identify individuals even with the proposed redactions. For example, in one Report, ODR identifies a Harvard organization with which a certain witness is associated and the role the witness played in that organization. All three Reports also describe, at great length, the basis for each witness' knowledge of a particular occurrence. Redacting a witness' name in

---

[3] For example, the above-described Policy states that "[t]he ODR, personal advisors, and others at the University involved in or aware of [any] complaint [made to ODR] will take reasonable steps to protect the privacy of all involved." https://www.fas.harvard.edu/files/fas/files/fas_p_and_p_combined_2014_2020.pdf?m=1600459885.

2

these instances would therefore not prevent others within and outside of Harvard from identifying the person.  Moreover, despite what Plaintiffs may suggest, *see* Opp. at 8, 9 & n.7, Harvard cannot easily isolate and redact all potentially identifying information in the Reports because it cannot reliably predict what information about individuals' knowledge, the basis for that knowledge, or their connection to Harvard might reveal a witness' identity to those at or outside of Harvard.  There is thus "good cause" for the Final ODR Reports to be sealed in their entirety.  *See* L.R. 7.2.

In addition, courts in the First Circuit regularly consider the posture of a proceeding in deciding whether to seal materials.  *See, e.g.*, *Murray v. Wal-Mart Stores, Inc.*, No. 2:15-cv-00484-DBH, 2019 U.S. Dist. LEXIS 176974, at *3 (D. Me. Oct. 11, 2019) (granting motion to seal confidential exhibits as "interim measure" during pendency of summary judgment proceedings to be revisited if the case proceeded to trial); *Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 447-48 (D. Mass. 2015) (noting that "At the opposite of the spectrum from discovery materials, [for which "there is no public right of access,"] the public interest is strongest (and the burden to overcome it the highest) for documents introduced at trial or included in an appellate record." (citations omitted)).  Harvard submits that the pendency of its motions to dismiss and for partial summary judgment, which may dispose of this case in part or as a whole, further justify maintaining the full Final ODR reports under seal at this stage.

For the reasons set forth above and in the Motion, Harvard respectfully requests that this Court issue an Order permitting it to file under seal the three ODR Final Reports of the investigations into the Plaintiffs' complaints.

        Respectfully submitted,

        **PRESIDENT AND FELLOWS OF HARVARD COLLEGE,**

        By its attorneys,

| | |
|---|---|
| */s/ Victoria Steinberg* | */s/ Martin F. Murphy* |
| Victoria L. Steinberg, BBO #666482 | Martin F. Murphy, BBO #363250 |
| Rachel C. Hutchinson, BBO #696739 | Madeleine K. Rodriguez, BBO #684394 |
| Rebecca M. O'Brien, BBO #693592 | FOLEY HOAG LLP |
| TODD & WELD LLP | 155 Seaport Boulevard, Suite 1600 |
| One Federal Street | Boston, MA 02210 |
| Boston, MA 02110 | Telephone: (617) 832-1000 |
| Telephone: (617) 624-4714 | Facsimile: (617) 832-7000 |
| Facsimile: (617) 624-4814 | mmurphy@foleyhoag.com |
| vsteinberg@toddweld.com | mrodriguez@foleyhoag.com |
| rhutchinson@toddweld.com | |
| robrien@toddweld.com | |

Dated: August 19, 2022

## CERTIFICATE OF SERVICE

    I, Victoria Steinberg, hereby certify that a copy of the foregoing was sent via the Court's electronic filing system and served on all counsel of record.

        */s/ Victoria Steinberg*
        Victoria Steinberg