UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **MARGARET CZERWIENSKI, LILIA KILBURN, and AMULYA MANDAVA**<br><br>     *Plaintiffs,*<br><br>v.<br><br>**HARVARD UNIVERSITY AND THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE**<br><br>     *Defendant.* | Case No. 1:22-cv-10202-JGD |

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING DEFENDANT'S MOTION TO DISMISS

Plaintiffs respectfully submit this notice of supplemental authority to draw the Court's attention to a recent decision by the United States Court of Appeals for the Sixth Circuit, decided after Plaintiffs submitted their Opposition to Harvard's Motion to Dismiss. *See Snyder-Hill v. Ohio State Univ.*, No. 21-3981, 2022 WL 4233750, (6th Cir. Sept. 14, 2022) (attached hereto as Ex. A). *Snyder-Hill* affirms that Plaintiffs' Title IX claims are timely under the federal discovery rule and supports Plaintiffs' position that their claims are timely under the continuing violation doctrine.

In *Snyder-Hill*, the Sixth Circuit "agree[d] with every other circuit to decide the issue and [held] that the discovery rule determines the accrual of Title IX claims." *Id.* at *10. The court also joined "seven other circuits" (including the First Circuit) to affirm that "pursuant to the discovery rule, a claim accrues when a plaintiff knows or has reason to know that they were injured ***and that the defendant caused their injury***." *Id.* at *10, 13 (emphasis added).[1] In other words, the court

---

[1] The court explained that this rule is consistent with decisions stating that a claim accrues when a plaintiff "knows or has reason to know of the injury which is the basis for his action." *Snyder-Hill*, 2022 WL 4233750, at *11. "In the context of the discovery rule, 'injury' means something more than 'harm.'" *Id.*

"fully … adopt[ed]" the First Circuit's reasoning in *Ouellette v. Beaupre*, 977 F.3d 127, 136 (1st Cir. 2020) (applying the discovery rule to a claim for deliberate indifference under 42 U.S.C. § 1983) and applied the same rule to claims under Title IX, reasoning that "[t]he analysis concerning when the statute of limitations [for a Title IX claim] began to run is the same as [for a § 1983 claim]." *Id.* at *8. The court added that "[a]pplying the discovery rule in Title IX cases accords with the discovery rule's purposes"—"to protect plaintiffs who, through no fault of their own, lacked the information to bring a claim"—and aligns with "Title IX's broad remedial purpose." *Id.* at *8, 10.

*Snyder-Hill* thus squarely rejected Harvard's argument that the statute of limitations begins to run the moment that the university first violates Title IX, even if the victim could not reasonably have known the facts necessary to plead her claim. *See* Dkt. 54, Def. Br. at 15-16. The court noted that "[a]pplying [this] more restrictive *occurrence* rule would be counter to Title IX's broad remedial purpose" and would "create an unnecessary circuit split." *Snyder-Hill*, 2022 WL 4233750, at *8 (italics added). "To say to one who has been wronged, 'You had a remedy, but before the wrong was ascertainable to you, the law stripped you of your remedy,' makes a mockery of the law." *Id.* (quoting *City of Aurora v. Bechtel Corp.*, 599 F.2d 382, 387–88 (10th Cir. 1979)).

Applying the discovery rule, the court held that the plaintiffs' Title IX claims did not accrue until they "knew or should have known" that the university was "deliberately indifferent to sexual harassment" and "exposed them to a heightened risk" of harm. *Id.* at *11, 13. The court explained:

> A plaintiff's knowledge that he was abused is not enough to start the clock. *See Ouellette*, 977 F.3d at 140 [1st Cir.] (knowledge of abuse is not the same as knowledge of institutional conduct). Knowledge that [the defendant university] employed [the abuser] is not enough. *See Gebser v. Lago Vista Indep.*

---

n.81. "Here, 'injury' means '[t]he violation of another's legal right' or '[a]nything said or done in breach of a duty not to do it, if harm results.'" *Id.* (quoting *Injury*, Black's Law Dictionary (11th ed. 2019)). Thus, decisions that state that a claim accrues when a plaintiff knows of her "injury" mean that it accrues when she learns of "the facts that would ultimately support a claim" (i.e., both the harm and its cause). *Id.* at *11.

*Sch. Dist.*, 524 U.S. 274, 285 (1998) (no respondeat superior claims for Title IX claims of employee-student harassment). Knowledge that other students knew of [the abuser's] conduct is not enough. *See id.* at 290 (Title IX requires "notice to an 'appropriate person' and an opportunity to rectify any violation"). Knowledge that coaches or trainers [i.e., other school employees] knew is not enough.

*Id.* at *13. "Instead, the clock starts only once the plaintiff knows or should have known that . . . administrators 'with authority to take corrective action' knew of [the abusive employee's] conduct and failed to respond appropriately," which exposed the plaintiffs to harm. *Id.*

In *Snyder-Hill*, nine of the plaintiffs knew for decades that an athletic team physician employed by the university had sexually abused them between 1978 and 1990. *See id.* at *4. Nonetheless, the court held that their claims did not accrue until at least 2018, when an internal investigation revealed that the school had received a pattern of complaints against the doctor but took "no meaningful action" against him until *after* he abused the plaintiffs. *Id.* at *3, 14. While the plaintiffs had "snippets of knowledge" that may have alerted them that the university's deliberate indifference to prior reports may have led to the plaintiffs' abuse, whether those facts should have prompted a reasonable student to "investigate further" was a "question of fact" that was "improper to resolve at the motion-to-dismiss stage." *Id.* at *14. Moreover, "even if the plaintiffs should have investigated," the complaint plausibly alleged that the students "could not have reasonably discovered" the university's pattern of inaction until it was made public in 2018. *Id.* The court therefore reversed the decision below to allow the university's motion to dismiss. *Id.*

*Snyder-Hill* supports Plaintiffs' argument for at least three reasons.

***First****,* the decision affirms that Plaintiffs' claims are timely under the discovery rule. As in *Snyder-Hill*, a reasonable student in Plaintiffs' positions would not have inferred that Harvard failed to respond to prior complaints against Professor Comaroff and failed to take steps to prevent retaliation, thereby exposing the Plaintiffs to his harassment and retaliation, until 2020 reports

revealed Harvard's pattern of indifference to sexual harassment and retaliation by professors in the Anthropology Department. *See* Dkt. 68, Plfs' Opp. at 6-7, 22-26. Harvard has not argued otherwise. *Id.* at 23; Def. Br. at 11-12, 15-16 (arguing only that the discovery rule does not apply and that Plaintiffs Manadava and Czerwienski's claims accrued when Harvard responded inadequately to Czerwienski's complaint in October 2017, even though Plaintiffs learned this only later). As in *Snyder-Hill*, therefore, Harvard has failed to carry its "burden to show that the statute of limitations has run." *See Snyder-Hill*, 2022 WL 4233750, at *7.

**Second**, the Sixth Circuit's decision confirms that Plaintiff Czerwienski's pre-harassment claim would still be timely even if she somehow should have known that Harvard failed to adequately respond to her post-retaliation complaint in October 2017. *See* Plfs' Opp. at 25-26. "A plaintiff will typically know or have reason to know that a school mishandles their own report of an assault close to the time of the school's inadequate response. But that same plaintiff may have no reason to know of a school's deliberate indifference that gave rise to their heightened-risk claim." *Snyder-Hill*, 2022 WL 4233750, at *12.  "It would be 'unreasonable to conclude ... that a plaintiff's knowledge that [their] *individual* complaint was mishandled would reveal that the University has a broad de facto policy of deliberate indifference generally.'" *Id.* (quoting *Karasek v. Regents of Univ. of Cal.*, 500 F. Supp. 3d 967, 981 (N.D. Cal. 2020)) (italics in original).  "In short, even if a plaintiff has reason to know that a school responded improperly to their complaint, they may still lack reason to know that others had complained before them or that the school was deliberately indifferent to any prior complaints." *Id.*

**Third**, the case supports Plaintiffs' argument that their claims are also timely under the continuing violation doctrine. In *Snyder-Hill*, the Sixth Circuit reaffirmed that "Title IX should be treated like § 1983 for limitations purposes." *Id.* at *8 (quoting *King-White v. Humble Indep. Sch.*

*Dist.*, 803 F.3d 754, 759 (5th Cir. 2015)). As noted in Plaintiffs' Opposition, the First Circuit has held that the continuing violation doctrine applies to an ongoing pattern of unlawful conduct under § 1983. Plfs' Opp. at 27 (citing *Fincher v. Town of Brookline*, 26 F.4th 479, 486 (1st Cir. 2022)). And several other courts have specifically held that a defendant's repeated refusal to respond to complaints renders a § 1983 deliberate indifference claim timely when the refusal continued into the limitations period. *Id.* at 28 & n.19, 30-31 & n.21. As in those cases, Harvard's ongoing pattern of failing to respond to complaints of sexual harassment and retaliation against Comaroff from 2016 through 2020 (including complaints by the Plaintiffs in 2017, 2019, and 2020) render Plaintiffs' claims timely. *Id.* at 5-6, 30-31. The same is true of Comaroff's ongoing harassment against Plaintiff Kilburn through 2019 and the ongoing retaliation against all Plaintiffs, which continued unremedied into the limitations period. *Id.* at 29-30.

> *Snyder-Hill* leaves no doubt that Plaintiffs' Title IX claims are timely.

Dated: September 21, 2022

Respectfully submitted,

*/s/ Russell Kornblith*
Russell Kornblith (*pro hac vice*)
Carolin Guentert (*pro hac vice*)
**SANFORD HEISLER SHARP, LLP**
1350 Avenue of the Americas, 31st Floor
New York, New York 10019
Telephone: (646) 402-5650
rkornblith@sanfordheisler.com
cguentert@sanfordheisler.com

Sean Ouellette (BBO# 697559)
**SANFORD HEISLER SHARP, LLP**
700 Pennsylvania Avenue SE, Suite 300
Washington, DC 20003
Telephone: (202) 499-5200
souellette@sanfordheisler.com

*Attorneys for Plaintiffs*

5