## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**MARGARET CZERWIENSKI,
LILIA KILBURN, and AMULYA
MANDAVA**

     *Plaintiffs,*

v.

**HARVARD UNIVERSITY AND THE
PRESIDENT AND FELLOWS OF
HARVARD COLLEGE**

     *Defendant.*

CASE NO. 1:22-CV-10202-JGD

## ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1.      Denied.

2.      Denied.

3.      Denied, except that the sources cited speak for themselves.

4.      Denied, except that the sources cited speak for themselves.

5.      Denied.

### I.     INTRODUCTION

6.      Admitted that Harvard is a prestigious academic institution, and has recruited many of the world's foremost scholars.

7.      Admitted that Professor Comaroff is a Harvard Professor of Anthropology and of African and African American Studies and is a leading expert in certain related topics.  This Paragraph is otherwise denied to the extent that it purports to state a legal conclusion.  Harvard further responds that the document cited for this Paragraph speaks for itself, and Harvard is without sufficient information to admit or deny whether Professor Comaroff has a "sprawling

1

professional network, having mentored generations of tenured professors placed at nearly every major anthropology department and having held visiting professorships all over the world."

8.      Harvard admits that Professor Comaroff worked at the University of Chicago between approximately 1979 and 2012.  Otherwise, denied.

9.      Denied, except that the footnote contains legal conclusions to which no response is required.

10.      Denied, except that Harvard does not have information sufficient to admit or deny what Plaintiffs learned and when.  Harvard admits the allegation set forth in footnote 10.

11.      Harvard responds that its ODR investigation of Professor Comaroff concluded that he had not violated the Title IX policies with respect to his conduct towards Ms. Mandava nor Ms. Czerwienski, but a third-party investigator engaged by Harvard concluded that Professor Comaroff's October 2017 comments to Ms. Mandava violated the FAS Professional Conduct Policy.  Otherwise, denied.

12.      Harvard responds that its ODR investigation of Professor Comaroff concluded that Professor Comaroff had engaged in certain conduct with respect to Ms. Kilburn that violated the Title IX policies.  Otherwise, denied.

13.      Harvard admits that Ms. Kilburn spoke to Harvard's Graduate School of Arts and Sciences Program Officer for Title IX and Professional Conduct, and that Professor Comaroff was teaching and mentoring students, although at times subject to restrictions, until he was sanctioned as a result of the outcome of the ODR investigations.  Otherwise, denied.

14.      Harvard responds that the articles referenced speak for themselves.  Otherwise, denied.

15.      Denied, except that the source cited speaks for itself.

2

16.     Harvard responds that the statements referenced speak for themselves. Otherwise, denied.

17.     Harvard responds that the articles referenced speak for themselves.  Otherwise, denied.

18.     Denied.

19.     Denied, including to the extent that this Paragraph states a legal conclusion.

## II.     PARTIES

20.     Harvard responds that it is without information sufficient to admit or deny where Plaintiff Czerwienski has been domiciled at all relevant times.  Otherwise, admitted.

21.     Harvard responds that it is without information sufficient to admit or deny where Plaintiff Kilburn has been domiciled at all relevant times.  It is also without information sufficient to admit or deny the final sentence of this Paragraph.  Otherwise, admitted.

22.     Harvard responds that it is without information sufficient to admit or deny where Plaintiff Mandava has been domiciled at all relevant times.  Otherwise, admitted.

23.     Admitted.

## III.     JURISDICTION AND VENUE

24.     Admitted.

25.     Admitted.

26.     Admitted that this Court is the proper venue.  Otherwise, denied, including to the extent this Paragraph states any legal conclusions.

## IV.     FACTUAL ALLEGATIONS

27.     Admitted to the extent this Paragraph alleges that Professor Comaroff taught at the University of Chicago before teaching at Harvard.  Otherwise, denied.

28.      Harvard is without information sufficient to admit or deny the allegations in this Paragraph.  Harvard denies that it had knowledge of these allegations at any relevant time.

29.      Harvard is without information sufficient to admit or deny the allegations in this Paragraph.  Harvard denies that it had knowledge of these allegations at any relevant time.

30.      Harvard is without information sufficient to admit or deny the allegations in this Paragraph.  Harvard denies that it had knowledge of these allegations at any relevant time.

31.      Harvard is without information sufficient to admit or deny the allegations in this Paragraph.  Harvard denies that it had knowledge of these allegations at any relevant time.

32.      Harvard is without information sufficient to admit or deny the allegations in this Paragraph.  Harvard denies that it had knowledge of these allegations at any relevant time.

33.      Harvard is without information sufficient to admit or deny the allegations in this Paragraph.  Harvard denies that it had knowledge of these allegations at any relevant time.

34.      Harvard is without information sufficient to admit or deny the allegations in this Paragraph.  Harvard denies that it had knowledge of these allegations at any relevant time.

35.      Harvard is without information sufficient to admit or deny the allegations in this Paragraph.  Harvard denies that it had knowledge of these allegations at any relevant time.

36.      Harvard is without information sufficient to admit or deny the allegations in this Paragraph.  Harvard denies that it had knowledge of these allegations at any relevant time.

37.      Harvard is without information sufficient to admit or deny the allegations in this Paragraph.  Harvard denies that it had knowledge of these allegations at any relevant time.

38.      Harvard is without information sufficient to admit or deny the allegations in this Paragraph.  Harvard denies that it had knowledge of these allegations at any relevant time.

39.      Harvard is without information sufficient to admit or deny the allegations in

this Paragraph.  Harvard denies that it had knowledge of these allegations at any relevant time.

40.     Harvard is without information sufficient to admit or deny the allegations in this Paragraph.  Harvard denies that it had knowledge of these allegations at any relevant time.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Harvard is without information sufficient to admit or deny the allegations in this Paragraph.

45.     Harvard admits that Professor Harkness was a graduate student at the University of Chicago until 2010 and joined Harvard's faculty in 2011.  Harvard does not have information sufficient to admit or deny the allegations in the final sentence of this Paragraph. Otherwise, denied.

46.     Harvard admits that in or around 2011, it extended an offer to Professor Comaroff and his wife, Professor Jean Comaroff, to join the Department of Anthropology and the Department of AAAS, and admits that there were no limitations placed on their contact with students at that time.  Otherwise, denied.

47.     Denied, including to the extent that this Paragraph states a legal conclusion.

48.     Denied, including to the extent that this Paragraph states a legal conclusion.

49.     Denied to the extent that this Paragraph states a legal conclusion.  Otherwise, Harvard is without information sufficient to admit or deny the allegations in this Paragraph.

50.     Denied to the extent that this Paragraph states a legal conclusion.  Otherwise, Harvard is without information sufficient to admit or deny the allegations in this Paragraph.

51.     Denied to the extent that this Paragraph states a legal conclusion.  Otherwise,

Harvard is without information sufficient to admit or deny the allegations in this Paragraph.

52.     Denied to the extent that this Paragraph states a legal conclusion.  Otherwise, Harvard is without information sufficient to admit or deny the allegations in this Paragraph.

53.     Denied to the extent that this Paragraph states a legal conclusion.  Otherwise, Harvard is without information sufficient to admit or deny the allegations in this Paragraph.

54.     Denied to the extent that this Paragraph states a legal conclusion.  Otherwise, Harvard is without information sufficient to admit or deny the allegations in this Paragraph.

55.     Denied to the extent that this Paragraph states a legal conclusion.  Otherwise, Harvard is without information sufficient to admit or deny the allegations in this Paragraph.

56.     Denied to the extent that this Paragraph states a legal conclusion.  Otherwise, Harvard is without information sufficient to admit or deny the allegations in this Paragraph.

57.     Harvard responds that its Title IX policies speak for themselves.  Harvard further responds that this Paragraph states legal conclusions to which no response is required. Harvard otherwise does not have information sufficient to admit or deny the allegations in this Paragraph other than to deny that Harvard had not properly trained Professor Greenhalgh.

58.     Harvard is without information sufficient to admit or deny the allegations in this Paragraph.

59.     Denied to the extent that this Paragraph states a legal conclusion.  Otherwise, Harvard is without information sufficient to admit or deny the allegations in this Paragraph.

60.     Harvard responds that Dr. Avakian held the positions referenced in Fall of 2016, and that his role included receiving reports from responsible employees.  Harvard also admits that Alison Frank Johnson spoke with Dr. Avakian in Fall of 2016 about a report she had received from Harvard Student 2 regarding Professor Comaroff.  Otherwise, Harvard is without

information sufficient to admit or deny the allegations in this Paragraph.

61.     Harvard admits that Harvard Student 2 spoke to Dr. Avakian about Professor Comaroff during the 2016-2017 academic year.  Harvard is otherwise without information sufficient to admit or deny the allegations in this Paragraph, other than to deny allegations to the extent that they state a legal conclusion.

62.     Harvard responds that the Policies and Procedures referenced speak for themselves.

63.     Harvard responds that the Policies and Procedures referenced speak for themselves.  Otherwise, denied.

64.     Harvard denies the allegations in the first and second sentences of this Paragraph.  Otherwise, Harvard is without information sufficient to admit or deny the remaining allegations.

65.     Harvard is without information sufficient to admit or deny the allegations in this Paragraph.

66.     Harvard is without information sufficient to admit or deny the allegations in this Paragraph.

67.     Harvard responds that its Title IX policies speak for themselves.  Harvard further responds that this Paragraph states legal conclusions to which no response is required.  Harvard is otherwise without information sufficient to admit or deny the allegations in this Paragraph.

68.     Denied, except that Harvard does not have information sufficient to admit or deny the second sentence of this Paragraph.

69.     Harvard is without information sufficient to admit or deny the allegations in this Paragraph.

70.     Harvard responds that its ODR report of its investigation concerning Professor Comaroff concluded that Professor Comaroff had not violated the Title IX policies with respect to his conduct towards Ms. Mandava, but a third-party investigator engaged by Harvard concluded that Professor Comaroff's October 2017 comments to Ms. Mandava violated the FAS Professional Conduct Policy.  Otherwise, Harvard is without information sufficient to admit or deny the allegations of this Paragraph.

71.     Harvard responds that its ODR report of its investigation concerning Professor Comaroff concluded that Professor Comaroff had not violated the Title IX policies with respect to his conduct towards Ms. Mandava nor Ms. Czerwienski, but a third-party investigator engaged by Harvard concluded that Professor Comaroff's October 2017 comments to Ms. Mandava violated the FAS Professional Conduct Policy.  Otherwise, Harvard is without information sufficient to admit or deny the allegations of this Paragraph.

72.     Harvard responds that its ODR report of its investigation concerning Professor Comaroff concluded that Professor Comaroff had not violated the Title IX policies with respect to his conduct towards Ms. Mandava, but a third-party investigator engaged by Harvard concluded that Professor Comaroff's October 2017 comments to Ms. Mandava violated the FAS Professional Conduct Policy.  Otherwise, Harvard is without information sufficient to admit or deny the allegations of this Paragraph.

73.     Harvard responds that its ODR report of its investigation concerning Professor Comaroff concluded that Professor Comaroff had not violated the Title IX policies with respect to his conduct towards Ms. Mandava nor Ms. Czerwienski, but a third-party investigator engaged by Harvard concluded that Professor Comaroff's October 2017 comments to Ms. Mandava violated the FAS Professional Conduct Policy.  Otherwise, Harvard is without

sufficient information to admit or deny the allegations in this Paragraph.

74.     Harvard responds that the documents referenced in this Paragraph and the footnotes speak for themselves, except that the document quoting Dean Zipser states that academics "often feel . . . [the] need to rely on narrow networks of individuals" but "there is a broad community at Harvard that knows there is no place for sexual misconduct anywhere." Otherwise, denied.

75.     Harvard responds that its ODR report of its investigation concerning Professor Comaroff concluded that Professor Comaroff had not violated the Title IX policies with respect to his conduct towards Ms. Mandava nor Ms. Czerwienski, but a third-party investigator engaged by Harvard concluded that Professor Comaroff's October 2017 comments to Ms. Mandava violated the FAS Professional Conduct Policy.  Harvard also responds that ODR further found that Professor Comaroff had engaged in conduct with respect to Ms. Kilburn that violated the Title IX policies.  Otherwise, denied.

76.     Harvard is without sufficient information to admit or deny the allegations of this Paragraph.

77.     Harvard responds that Plaintiff Czerwienski spoke with Dr. Avakian on or about October 16, 2017 to convey concerns about Professor Comaroff.  Otherwise, denied, including to the extent that the Paragraph states legal conclusions.

78.     Denied.

79.     Harvard is without information sufficient to admit or deny the first sentence of this Paragraph.  Harvard denies the second sentence of this Paragraph.

80.     Harvard is without information sufficient to admit or deny the allegations in this Paragraph, except that Harvard admits that Ms. Czerwienski did not file a formal complaint in

2017.

81.     Harvard is without information sufficient to admit or deny the allegations in this Paragraph.

82.     Harvard is without information sufficient to admit or deny the allegations in this Paragraph.

83.     Harvard is without information sufficient to admit or deny the allegations in this Paragraph.

84.     Denied.

85.     Denied, including to the extent that the allegations in this Paragraph state legal conclusions.

86.     Harvard responds that its ODR report of its investigation concerning Professor Comaroff concluded that he had engaged in certain conduct with respect to Ms. Kilburn that violated the Title IX policies.   Harvard otherwise is without information sufficient to admit or deny the allegations in this Paragraph.

87.     Harvard is without information sufficient to admit or deny the allegations in this Paragraph.

88.     Harvard responds that its ODR report of its investigation concerning Professor Comaroff concluded that he had engaged in certain conduct with respect to Ms. Kilburn that violated the Title IX policies.  Harvard otherwise is without information sufficient to admit or deny the allegations in this Paragraph.

89.     Harvard responds that its ODR report of its investigation concerning Professor Comaroff concluded that he had engaged in certain conduct with respect to Ms. Kilburn that violated the Title IX policies.  Harvard otherwise is without information sufficient to admit or

deny the allegations in this Paragraph.

90.     Harvard responds that its ODR report of its investigation concerning Professor Comaroff concluded that he had engaged in certain conduct with respect to Ms. Kilburn that violated the Title IX policies.  Harvard otherwise is without information sufficient to admit or deny the allegations in this Paragraph.

91.     Denied to the extent that this Paragraph states a legal conclusion.  Harvard further responds that its ODR report of its investigation concerning Professor Comaroff concluded that he had engaged in certain conduct with respect to Ms. Kilburn that violated the Title IX policies.  Harvard otherwise is without information sufficient to admit or deny the allegations in this Paragraph.

92.     Harvard responds that its ODR report of its investigation concerning Professor Comaroff concluded that he had engaged in certain conduct with respect to Ms. Kilburn that violated the Title IX policies.  Harvard otherwise is without information sufficient to admit or deny the allegations in this Paragraph.

93.     Harvard responds that its ODR report of its investigation concerning Professor Comaroff concluded that he had engaged in certain conduct with respect to Ms. Kilburn that violated the Title IX policies.  Harvard otherwise is without information sufficient to admit or deny the allegations in this Paragraph.

94.     Harvard is without information sufficient to admit or deny the allegations in this Paragraph.

95.     Harvard is without information sufficient to admit or deny the allegations in this Paragraph, except that Harvard denies the allegations to the extent that they state a legal conclusion, including the characterization "indifferen[t]."

96.     Harvard is without information sufficient to admit or deny the allegations in this Paragraph.

97.     Harvard is without information sufficient to admit or deny the allegations in this Paragraph.

98.     Denied.

99.     Denied.

100.    Harvard is without information sufficient to admit or deny the allegations in this Paragraph.

101.    Harvard is without information sufficient to admit or deny the allegations in this Paragraph.

102.    Harvard responds that its ODR report of its investigation concerning Professor Comaroff concluded that he had engaged in certain conduct with respect to Ms. Kilburn that violated the Title IX policies.  Harvard otherwise is without information sufficient to admit or deny the allegations in this Paragraph.

103.    Harvard responds that its ODR report of its investigation concerning Professor Comaroff concluded that he had engaged in certain conduct with respect to Ms. Kilburn that violated the Title IX policies.  Harvard otherwise is without information sufficient to admit or deny the allegations in this Paragraph.

104.    Harvard responds that its ODR report of its investigation concerning Professor Comaroff concluded that he had engaged in certain conduct with respect to Ms. Kilburn that violated the Title IX policies.  Harvard otherwise is without information sufficient to admit or deny the allegations in this Paragraph.

105.    Harvard responds that its ODR report of its investigation concerning Professor

Comaroff concluded that he had engaged in certain conduct with respect to Ms. Kilburn that violated the Title IX policies.  Harvard otherwise is without information sufficient to admit or deny the allegations in this Paragraph.

106.     Harvard responds that its ODR report of its investigation concerning Professor Comaroff concluded that he had engaged in certain conduct with respect to Ms. Kilburn that violated the Title IX policies.  Harvard otherwise is without information sufficient to admit or deny the allegations in this Paragraph and the footnote.

107.     Harvard further responds that its ODR report of its investigation concerning Professor Comaroff concluded that he had engaged in certain conduct with respect to Ms. Kilburn that violated the Title IX policies.  Harvard otherwise is without information sufficient to admit or deny the allegations in this Paragraph.

108.     Harvard is without information sufficient to admit or deny the allegations in the first sentence of this Paragraph.  Harvard further states that its Title IX policies speak for themselves.  Otherwise, denied, including to the extent that the allegations in this Paragraph state a legal conclusion.

109.     Harvard responds that this Paragraph states legal conclusions to which no response is required.  Harvard further states that its Title IX policies speak for themselves. Harvard admits that Plaintiff Kilburn met with Dr. Avakian on or about May 2, 2019.  Harvard is without information sufficient to admit or deny the remainder of the allegations in this Paragraph, except that Harvard denies the allegations to the extent they state a legal conclusion.

110.     Harvard admits that Plaintiff Kilburn met with Dr. Avakian on or about May 2, 2019.  Harvard also responds that the statements and sources referenced in this Paragraph and the footnotes speak for themselves.  Otherwise, denied.

111.   The first sentence of this Paragraph is denied, including to the extent that the allegations state a legal conclusion.  The second sentence of this Paragraph is admitted.

112.   Harvard is without information sufficient to admit or deny the allegations in this Paragraph.

113.   Harvard is without information sufficient to admit or deny the allegations in this Paragraph concerning Ms. Kilburn's state of mind.  Otherwise, denied, including to the extent that they state a legal conclusion.

114.   Harvard is without information sufficient to admit or deny the allegations in this Paragraph, except that Harvard denies the allegations to the extent that they state a legal conclusion.

115.   Harvard admits that Professor Subramanian and Professor Harkness spoke with the Graduate School of Arts and Sciences Program Officer for Title IX and Professional Conduct about complaints they had received concerning Professor Comaroff.  Harvard otherwise denies the allegations in this Paragraph.

116.   Harvard responds that the email referenced speaks for itself.  Otherwise, denied.

117.   Denied.

118.   Denied.  Harvard further responds that the article referenced speaks for itself.

119.   Denied, except that Harvard admits that on or around May 18, 2020, Dr. Avakian filed formal complaints with ODR on behalf of Plaintiffs and Harvard Student 2.

120.   Denied.

121.   Denied.

122.   Harvard responds that the articles referenced in this Paragraph speak for themselves.  Otherwise, denied.

123.    Harvard is without information sufficient to admit or deny the allegations in the first sentence of this Paragraph, except to deny the allegations to the extent that they state a legal conclusion.  Otherwise, denied.

124.    Harvard is without information sufficient to admit or deny the allegations in this Paragraph, except to deny the allegations to the extent that they state a legal conclusion.

125.    Harvard is without information to admit or deny the allegations in this Paragraph, except to deny the allegations to the extent that they state a legal conclusion.

126.    Harvard denies the allegations in the first, third, and fourth sentences of this Paragraph.  Harvard admits that Harvard Post-Doc 1 wrote to Dean Zipser about Dr. Avakian and that Harvard Post-Doc 1 spoke with Dr. Avakian. Harvard is without information sufficient to admit or deny the allegations in the fifth sentence of this Paragraph and the footnote. Harvard admits that, during a meeting between Dean Zipser, the three Plaintiffs and UChicago Student 4 in which Professor Comaroff was discussed, Dean Zipser told the three Plaintiffs and UChicago Student 4 that she would need to share certain information they raised with the Title IX Office.  Harvard also admits that Dean Zipser told UChicago Student 4 that Harvard's Title IX Office may not be able to investigate allegations that occurred entirely at the University of Chicago.  Harvard denies that Dean Zipser advised UChicago Student 4 to go the press.

127.    Denied, other than to state that the article referenced speaks for itself.

128.    The allegations in this Paragraph are denied, other than to state that the article referenced speaks for itself.  With respect to the footnote, Harvard admits that Professor Bestor was Chair of the Anthropology Department from 2007 to 2012.

129.    Denied, other than to state that the article referenced speaks for itself.

130.    Harvard is without information sufficient to admit or deny the allegations in this

Paragraph, and responds that the article referenced speaks for itself.

131.    Denied, other than to state that the article referenced speaks for itself.

132.    Denied.

133.    Denied, other than to state that the article referenced speaks for itself.

134.    Denied, other than to state that the article referenced speaks for itself.

135.    Denied, other than to state that the article referenced speaks for itself.

136.    Denied, other than to state that the article referenced speaks for itself.

137.    Denied, other than to state that the article referenced speaks for itself.

138.    Denied, other than to refer to any ODR reports concerning allegations made about Professor Urton, which speak for themselves, and to state that the article referenced speaks for itself.

139.    Denied, other than to state that the article referenced speaks for itself.

140.    Denied, other than to state that the letter referenced speaks for itself.

141.    Denied, other than to state that the articles and statement referenced in this Paragraph and the footnote speak for themselves, and Harvard further does not have information sufficient to admit or deny the second sentence of this Paragraph.

142.    Denied, other than to state that the articles referenced in this Paragraph and footnote speak for themselves.

143.    Denied, other than to state that the article and announcement referenced speak for themselves.

144.    Harvard is without information sufficient to admit or deny the allegations in this Paragraph, other than to state that the article referenced speaks for itself, and to deny any inference that concerns referenced in this Paragraph were not brought to the Graduate School of

Arts and Sciences Program Officer for Title IX and Professional Conduct and others.

145.    Harvard is without information sufficient to admit or deny the allegations in this

Paragraph, and further responds that the letter referenced speaks for itself.  Otherwise, denied.

146.    Denied.

147.    Harvard admits the first two sentences of this Paragraph.  Otherwise, denied.

148.    Denied.

149.    Harvard admits that Plaintiffs filed their own ODR complaints in 2020.

Otherwise, denied.

150.    Harvard admits that Ms. Kilburn filed her ODR complaint on July 16, 2020, Ms.

Czerwienski on July 28, 2020, and Ms. Mandava on July 31, 2020.  Otherwise, denied.

151.    Denied, except that the source cited in the footnote speaks for itself.

152.    Denied.

153.    Harvard responds that during the ODR investigation, and with notice to Ms.

Czerwienski, Professor Comaroff received a copy of Ms. Czerwienski's ODR Complaint

pursuant to Harvard's Title IX policies, and that the complaint contained information

concerning messages sent by Harvard Student 2 to Ms. Czerwienski in 2017.  Harvard does not

have information sufficient to admit or deny the remainder of this Paragraph.

154.    Harvard responds that it does not have information sufficient to admit or deny

the allegations in the first sentence of this Paragraph.  Otherwise, denied, except that the

communications referenced in this Paragraph speak for themselves.

155.    Harvard admits that correspondence from Ms. Czerwienski was provided to

Professor Comaroff pursuant to Harvard's Title IX policies.  Harvard denies the allegations in

the first sentence of this Paragraph.  Harvard further responds that it does not have information

sufficient to admit or deny the allegations in the second sentence of this Paragraph.

156. Denied.

157. Denied.

158. Denied.

159. Harvard admits that Professor Comaroff informed ODR that Peter Geschiere, Caroline Elkins, and Sue Cook may have information relevant to the ODR complaints. Harvard is without information sufficient to admit or deny the allegations in the second sentence of this Paragraph. The third sentence of this Paragraph is denied.

160. Harvard admits that Peter Geschiere, Caroline Elkins, and Sue Cook are scholars in various fields; Dr. Cook was an administrator and not a faculty member at Harvard. Harvard otherwise is without information sufficient to admit or deny the allegations in the first sentence of this Paragraph. The second and third sentences of this Paragraph are denied.

161. Harvard admits that Professor Comaroff informed ODR that George Meiu may have information relevant to the ODR complaints. The third sentence of this Paragraph is also admitted to the extent that it refers to Professor Meiu having a role in Ms. Kilburn's qualifying exams. Harvard is without information sufficient to admit or deny the rest of the allegations in this Paragraph.

162. Denied.

163. Harvard is without information sufficient to admit or deny the allegations in the first sentence of this Paragraph. Otherwise, denied.

164. Denied.

165. Denied, other than to respond that the sources referenced speak for themselves.

166. Harvard admits the first sentence of this Paragraph; otherwise, denied.

167.    Denied.

168.    Denied, other than to respond that ODR shared with the parties material pursuant to Harvard's policies and procedures.

169.    Denied, other than to respond that Harvard shared ODR materials as permitted by Harvard's policies and procedures, and to respond that the letters referenced in the footnote were by mutual agreement confidential communications which speak for themselves.

170.    Harvard responds that the ODR Report cited speaks for itself.  Otherwise, denied.

171.    Harvard responds that the ODR Report cited speaks for itself.  Otherwise, denied.

172.    Denied, including to the extent that the allegations in this Paragraph state a legal conclusion.

173.    Denied, other than to respond that the ODR Report cited speaks for itself.

174.    Denied.

175.    Denied.

176.    Denied, except to respond that the sources cited speak for themselves.

177.    Denied, other than to respond that the ODR Report cited speaks for itself.

178.    Denied, other than to respond that the ODR Report cited speaks for itself.

179.    Denied, other than to respond that as to the second sentence of this Paragraph, ODR does not have authority to "recommend discipline" for any faculty respondent, but referred the matter to the Dean for the Faculty of Arts and Sciences as required by the Title IX policies, and the Dean sanctioned Professor Comaroff.

180.    Harvard admits the first sentence of this Paragraph.  Harvard otherwise denies the allegations in this Paragraph except to state that the sources cited speak for themselves.

181.    Harvard responds that ODR initiated and implemented investigations against

Professor Comaroff with respect to each of the Plaintiffs' complaints pursuant to its Title IX policies, and that Harvard issued sanctions against Professor Comaroff as a result of that process. Harvard otherwise denies the allegations in this Paragraph, including to the extent they state legal conclusions.

182.    Harvard admits that the Anthropology Department is within the Faculty of Arts and Sciences. Harvard also admits that, after ODR issued its Final Reports, Harvard directed an external factfinder to review whether Professor Comaroff had violated the FAS Professional Conduct Policy with respect to Ms. Mandava. Harvard otherwise denies the allegations in this Paragraph.

183.    Admitted to the extent that this Paragraph reflects the conclusions reached by an external factfinder, which speak for themselves; otherwise, denied.

184.    Denied, except that the statement referenced speaks for itself.

185.    Denied, except to the extent that the allegations in this Paragraph reflect some of the sanctions imposed on Professor Comaroff by Harvard.

186.    Denied.

187.    Harvard responds that Professor Comaroff was scheduled to teach an elective course in the Fall 2022 semester in a course cross-listed between Harvard Law School and the AAAS Department. Otherwise, denied.

188.    Denied.

189.    Harvard is without information sufficient to admit or deny the allegations in this Paragraph other than to respond that the statement referenced speaks for itself, and to deny the allegations to the extent that they state a legal conclusion.

190.    Harvard responds that the statement referenced speaks for itself, and otherwise

denies the allegations in this Paragraph.

191.    Harvard responds that the statement referenced speaks for itself, and to deny the allegations to the extent that they state a legal conclusion.

192.    Harvard responds that the statement referenced speaks for itself, and otherwise denies the allegations in this Paragraph.

193.    Denied.

194.    Denied, except that the statement referenced speaks for itself.

195.    Harvard responds that the letter referenced speaks for itself.  Harvard further responds that it is without information sufficient to admit or deny the allegations in the footnote. Otherwise, denied.

196.    Denied.

197.    Denied, except that the statements referenced speak for themselves.

198.    Denied.

199.    Denied, except that the statements referenced speak for themselves.

200.    Denied.

201.    Harvard is without information sufficient to admit or deny the allegations in this Paragraph.

202.    Denied.

203.    Denied.

204.    Denied, except to respond that the statement referenced speaks for itself, and to respond that Harvard is without information sufficient to admit or deny the allegations in the final sentence of this Paragraph.  Harvard denies the allegations in footnote 42 and states that the sources cited in footnote 43 speak for themselves.

205.    Denied, except that the statements and sources referenced in this Paragraph and the footnotes speak for themselves.

206.    Harvard is without information sufficient to admit or deny the last sentence of this Paragraph.  Otherwise, denied, except to respond that the sources referenced in this Paragraph and the footnote speak for themselves.

207.    Denied.

208.    Denied, other than to respond that the sources cited in this Paragraph and footnote speak for themselves.

209.    Denied.

210.    Harvard denies the allegations in the first sentence of this Paragraph.  As to the second sentence, Harvard responds that it has undertaken work on all of the recommendations referenced; otherwise, denied.

211.    Denied.

212.    Denied, except to respond that the letter cited speaks for itself.

213.    Denied, except to respond that the letter cited speaks for itself.

214.    Denied, except to respond that the letter cited speaks for itself.

215.    Denied, except to respond that the letter cited speaks for itself.

216.    Denied, except to respond that the source cited speaks for itself.

217.    Denied, except to respond that the source cited speaks for itself.

218.    Denied, except to respond that the sources cited speak for themselves.

219.    Denied, except to respond that the source cited speaks for itself.

220.    Denied, except to respond that the source cited speaks for itself.

221.    Denied.

222.    Denied.

223.    Denied.

224.    Denied.

225.    Denied.

226.    Denied, except that Harvard is without information sufficient to admit or deny the

allegations in the third and final sentences of this Paragraph.

227.    Denied.

228.    Denied.

229.    Denied.

230.    Denied.

231.    Denied.

## V.    COUNTS

### Count One

**Violation of Title IX of the Education Amendments of 1972**
**Deliberate Indifference to Gender Discrimination and Hostile Educational Environment**
**(20 U.S.C. § 1681)**
**(On Behalf of All Plaintiffs)**

232.    Harvard hereby incorporates its responses to the Paragraphs above.

233.    This Paragraph characterizes Plaintiffs' claim such that no response is required.

To the extent that any response is required, denied.

2.    Admitted.[1]

234.    Admitted.

235.    This Paragraph states legal conclusions to which no response is required.  To the

extent that any response is required, denied.

---

[1] Harvard employs the numbering here that Plaintiffs used in the Amended Complaint.

236.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

237.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

238.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

239.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

240.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

241.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

242.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

243.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

**Count Two**

**Violation of Title IX of the Education Amendments of 1972**
**Retaliation**
**(20 U.S.C. § 1681)**
**(On Behalf of All Plaintiffs)**

244.    Harvard hereby incorporates its responses to the Paragraphs above.

245.    This Paragraph characterizes Plaintiffs' claim such that no response is required. To the extent that any response is required, denied.

246.    Admitted.

247.    Admitted.

248.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

249.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

250.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

251.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

252.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

253.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

**<u>Count Three</u>**

**Violation of Title IX of the Education Amendments of 1972**
**Gender Discrimination**
**(20 U.S.C. § 1681)**
**(On Behalf of All Plaintiffs)**

254.    Pursuant to the Court's Order dated March 31, 2023, this Count has been dismissed.  Accordingly, no response to this Paragraph is required.

255.    Pursuant to the Court's Order dated March 31, 2023, this Count has been dismissed.  Accordingly, no response to this Paragraph is required.

256.    Pursuant to the Court's Order dated March 31, 2023, this Count has been dismissed.  Accordingly, no response to this Paragraph is required.

257.    Pursuant to the Court's Order dated March 31, 2023, this Count has been

dismissed.  Accordingly, no response to this Paragraph is required.

258.    Pursuant to the Court's Order dated March 31, 2023, this Count has been dismissed.  Accordingly, no response to this Paragraph is required.

259.    Pursuant to the Court's Order dated March 31, 2023, this Count has been dismissed.  Accordingly, no response to this Paragraph is required.

260.    Pursuant to the Court's Order dated March 31, 2023, this Count has been dismissed.  Accordingly, no response to this Paragraph is required.

261.    Pursuant to the Court's Order dated March 31, 2023, this Count has been dismissed.  Accordingly, no response to this Paragraph is required.

262.    Pursuant to the Court's Order dated March 31, 2023, this Count has been dismissed.  Accordingly, no response to this Paragraph is required.

263.    Pursuant to the Court's Order dated March 31, 2023, this Count has been dismissed.  Accordingly, no response to this Paragraph is required.

264.    Pursuant to the Court's Order dated March 31, 2023, this Count has been dismissed.  Accordingly, no response to this Paragraph is required.

### Count Four

**Violation of the Massachusetts Civil Rights Act**
**(Mass. Gen. Laws Chapter 12, § 11I)**
**(On Behalf of All Plaintiffs)**

265.    Harvard hereby incorporates its responses to the Paragraphs above.

266.    This Paragraph characterizes Plaintiffs' claim such that no response is required. To the extent that any response is required, denied.

267.    Admitted.

268.    Admitted.

269.    This Paragraph states legal conclusions to which no response is required.  To the

extent that any response is required, denied.

270.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

271.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

272.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

273.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

### Count Five

**Sexual Harassment Under Massachusetts Law**
**(Violation of Mass. Gen. Laws Chapters 214 § 1C)**
**(On Behalf of Plaintiff Kilburn)**

274.    Harvard hereby incorporates its responses to the Paragraphs above.

275.    This Paragraph characterizes Plaintiff Kilburn's claim such that no response is required.  To the extent that any response is required, denied.

276.    Admitted.

277.    Admitted.

278.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

279.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

280.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

281.     This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

282.     This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, Harvard refers to the findings reflected in the ODR Report concerning Ms. Kilburn's allegations.  Otherwise, denied.

283.     This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

284.     This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

285.     This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

**Count Six**

**Violation of the Massachusetts Equal Rights Act**
**(Mass. Gen. Laws Chapter 93, § 102)**
**(On Behalf of All Plaintiffs)**

286.     Harvard hereby incorporates its responses to the Paragraphs above.

287.     This Paragraph characterizes Plaintiffs' claim such that no response is required. To the extent that any response is required, denied.

288.     This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

289.     This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

290.     This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

291.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

292.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

293.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

### Count Seven

**Negligent Hiring, Retention, and Supervision**
**(Massachusetts Common Law)**
**(On Behalf of All Plaintiffs)**

294.    Harvard hereby incorporates its responses to the Paragraphs above.

295.    This Paragraph characterizes Plaintiffs' claim such that no response is required. To the extent that any response is required, denied.

296.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

297.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

298.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

299.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

300.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

**Count Eight**

**Breach of Contract
(Massachusetts Common Law)
(On Behalf of All Plaintiffs)**

301.    Harvard hereby incorporates its responses to the Paragraphs above.

302.    This Paragraph characterizes Plaintiffs' claim such that no response is required. To the extent that any response is required, denied.

303.    This Paragraph states legal conclusions to which no response is required and/or cites a source that speaks for itself.  To the extent that any response is required, denied.

304.    This Paragraph states legal conclusions to which no response is required and/or cites a source that speaks for itself.  To the extent that any response is required, denied.

305.    This Paragraph states legal conclusions to which no response is required and/or cites a source that speaks for itself.  To the extent that any response is required, denied.

306.    This Paragraph states legal conclusions to which no response is required and/or cites a source that speaks for itself.  To the extent that any response is required, denied.

307.    This Paragraph states legal conclusions to which no response is required and/or cites a source that speaks for itself.  To the extent that any response is required, denied.

308.    This Paragraph states legal conclusions to which no response is required and/or cites a source that speaks for itself.  To the extent that any response is required, denied.

309.    This Paragraph states legal conclusions to which no response is required and/or cites a source that speaks for itself.  To the extent that any response is required, denied.

310.    This Paragraph states legal conclusions to which no response is required and/or cites a source that speaks for itself.  To the extent that any response is required, denied.

311.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

312.     This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

313.     This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

## Count Nine
**Breach of the Implied Covenant of Good Faith and Fair Dealing**
**(Massachusetts Common Law)**
**(On Behalf of All Plaintiffs)**

314.     Harvard hereby incorporates its responses to the Paragraphs above.

315.     This Paragraph characterizes Plaintiffs' claim such that no response is required. To the extent that any response is required, denied.

316.     This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

317.     This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

318.     This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

319.     This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

320.     This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

321.     This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

## Count Ten

**Inducing Breach of Fiduciary Duty and Invasion of Privacy**
**(Massachusetts Common Law and Mass. Gen. Laws ch. 214, § 1B)**
**(On Behalf of Plaintiff Kilburn)**

322.    Harvard hereby incorporates its responses to the Paragraphs above.

323.    This Paragraph characterizes Plaintiff Kilburn's claim such that no response is required.  To the extent that any response is required, denied.

324.    Harvard is without information sufficient to admit or deny the allegations in this Paragraph.  To the extent this Paragraph states legal conclusions, no response is required.

325.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

326.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

327.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

328.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

329.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

330.    Denied.

331.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

332.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

333.    Denied.

334.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

335.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

336.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

337.    This Paragraph states legal conclusions to which no response is required.  To the extent that any response is required, denied.

## PRAYER FOR RELIEF

Harvard denies that Plaintiffs are entitled to any of the relief described in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

While specifically denying any liability to the Plaintiffs and without assuming any legal or factual burden not otherwise assigned to it by virtue of listing these affirmative defenses, Harvard asserts the following affirmative defenses.  Harvard reserves the right to assert additional defenses and/or amend these defenses, as warranted by facts learned through investigation and discovery.

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims fail because their internal complaints against Professor Comaroff were

thoroughly investigated by Harvard's Office of Dispute Resolution pursuant to Harvard's Title IX policies and procedures.

FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail because Harvard took prompt and appropriate action as information about inappropriate behavior by Professor Comaroff was raised to Harvard's Title IX Office.

FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail because Harvard is not legally responsible for the allegedly retaliatory actions of its faculty members.

SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail because their damages are speculative.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail because Harvard acted at all relevant times in accordance with its Policies and Procedures.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because Harvard acted at all relevant times consistent with federal policy and guidance related to Title IX.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's damages are limited in whole or in part by charitable tort immunity pursuant to Massachusetts General Laws.

Respectfully submitted,

**PRESIDENT AND FELLOWS OF
HARVARD COLLEGE,**

By its attorneys,

/s/ Victoria L. Steinberg
Victoria L. Steinberg, BBO #666482
Rebecca M. O'Brien, BBO #693592
CLOHERTY & STEINBERG LLP
33 Arch Street, Suite 3150
Boston, MA  02110
Telephone: (617) 481-0160
vsteinberg@clohertysteinberg.com
robrien@clohertysteinberg.com

Martin F. Murphy, BBO #363250
MANATT, PHELPS & PHILLIPS, LLP
177 Huntington Avenue
Suite 2500
Boston, MA 02115
Telephone: (617) 646-1447
mfmurphy@manatt.com

*Attorneys for Defendants,
Harvard University and President and
Fellows of Harvard College*

Dated: May 8, 2023

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent via the Court's electronic filing system and served to all counsel of record on May 8, 2023.

/s/ Victoria L. Steinberg
Victoria L. Steinberg